*258] pensation *out of the proceeds of the land to which it relates.

The judgment should be reversed.

JEWETT, C. J. and BRONSON and HOYT, JJ., dissented.

Judgment reversed.[1]

---

CROFOOT *vs.* BENNETT.

The owner of a brick yard, in consideration of a previous indebtedness and of a new advance, sold by writing to the defendant 43,000 bricks, to be taken out of an unfinished kiln containing a larger quantity. He also delivered to the defendant formal possession of the yard, and agreed with him to burn the kiln; which he accordingly did, and then executed to the plaintiff a bill of sale of all the bricks in the kiln. *Held,* that the defendant was entitled to take the 43,000 bricks, although they were not counted out, marked or separated from the residue, and that the plaintiff could not maintain trespass against him for such taking.

SYLVESTER CROFOOT sued Bennett in the supreme court in trespass for taking a quantity of brick. On the trial before

---

[1] To the same effect, see *Lawrence* v. *Brown,* 5 N. Y. 394.

Crofoot *v.* Bennett.

WILLARD, J., at the Washington circuit in 1847, it appeared that Horace Crofoot, on the 2d of September, 1846, in consideration of a previous indebtedness to and a new advance by the defendant, transferred to him by writing all the brick in two kilns previously burnt in Crofoot's yard, supposed to be 45,000, and 43,000 to be taken out of a new kiln which he was then putting up. It was stated in the writing that the defendant had paid for the brick, and that they were to be good merchantable brick. On the next day the defendant went to the yard for the purpose of having all the brick delivered to him, and on that occasion the brick already burnt, as well as those unburnt, were pointed out to the defendant by Horace Crofoot, and the defendant took possession of the premises where the brick were and gave directions about them; *but none of those in the unburnt kiln were counted out or marked, or set apart from the residue.* Horace Crofoot agreed with the defendant to burn the unfinished *kiln, which he accordingly did. On the 6th of October following Horace Crofoot executed to the plaintiff, [*259 who was his brother, a bill of sale of *all the bricks* in such new kiln. On the 8th of the same month the defendant opened the kiln and took therefrom and carried away the quantity which had been purchased by him out of that kiln, and for that taking the plaintiff brought this action. Justice Willard held that these facts made out a good delivery to the defendant on the 2d and 3d days of September, of the bricks in question; that as against him the plaintiff had no title, and that the defence was made out. The defendant had a verdict, which the supreme court refused to set aside on bill of exceptions, and the plaintiff, after judgment in the defendant's favor, appealed to this court.

*A. T. Wilson,* for appellant.

*J. Parry,* for respondent.

STRONG, J. It is said in the opinion of the supreme court, that the title to the unburnt brick passed to the defendant on the 3d of September, before they had been separated from the mass in the new kiln, or burnt. In this I think they were

wrong.  Chancellor Kent says that when the goods sold are mingled with others, they must be ascertained, designated and separated from the mass, before the property can pass.  It is a fundamental principle pervading every where the doctrine of sales of chattels, that if goods be sold while mingled with others, by number, weight or measure, the sale is incomplete, and the title continues with the seller, until the bargained property be separated and identified.  (2 *Kent's Com.* 496.)  These rules are fully supported by the authorities cited by the chancellor.  The reason is, that the sale cannot apply to any article until it is clearly designated, and its identity thus ascertained.  In the case under consideration, it could not be said with certainty that any particular brick belonged to the defendant until they had been separated from the mass.  If some of those in an unfinished state had been spoiled in the burning, or had been stolen, they could not have been considered as the property *of the defendant, and the loss would not have fallen upon him.  But if the goods sold are clearly identified, then, although it may be necessary to number, weigh or measure them, in order to ascertain what would be the price of the whole at a rate agreed upon between the parties, the title will pass.  If a flock of sheep is sold at so much the head, and it is agreed that they shall be counted after the sale in order to determine the entire price of the whole, the sale is valid and complete.  But if a given number out of the whole are sold, no title is acquired by the purchaser until they are separated, and their identity thus ascertained and determined.  The distinction in all these cases does not depend so much upon what is to be done, as upon the object which is to be effected by it.  If that is specification, the property is not changed; if it is merely to ascertain the total value at designated rates, the change of title is effected.  In this case, the judge who tried the cause did not decide directly that the defendant had acquired a title to the bricks which he took before they had been separated.  The question was, however, distinctly raised by the plaintiff's counsel. and was in effect decided against him.  Although the judge erred in that, the judgment will not therefore be reversed if in legal intendment

Crofoot *v.* Bennett.

the error could not in any manner have prejudiced the plaintiff. It could not have had that effect if the plaintiff must still have failed in the suit had the point been decided in his favor.

If the counsel for the plaintiff had insisted that the question of delivery of the brick should have been submitted to the jury as one of fact, there was enough in the evidence to have called upon the judge to adopt that course ; but this position was not taken by the counsel : on the contrary, he called upon the judge to decide it as a question of law, upon facts which were not controverted, and, assuming those facts to be true, the judge decided that point correctly. The delivery was not simply of the specific bricks eventually taken by the plaintiff, but of the whole with the privilege of selection. The formal delivery of the yard must have been designed by the parties to carry with it the possession of the bricks, or it would have been a mere idle ceremony. The defendant then took possession of the whole, and gave directions about burning those which were yet in an *unfinished state. It made no difference that such directions were given to one who had an interest in a portion of [*261 them, and had previously owned the whole. If one sells an article, and delivers it, the delivery would be none the less effectual because the vendor happened to be employed to perform some additional work upon it, even at his own expense. And surely, goods may be delivered by one to another having an interest in them, although the prior possessor may not part with all his title to the whole. Under these circumstances, trespass would not lie at the suit of the vendor, or his subsequent vendee. The goods being in the possession of another, the vendee took his title with an implied, if not a positive, notice of the rights of the possessor, to which the interest acquired by him was subordinate. In order to maintain trespass, it is necessary that the plaintiff should have the actual possession of the property, or, an absolute title to it, which gives the right of possession. In this case, while the actual possession was in the defendant, it does not appear that any possession whatever had been delivered to the plaintiff; neither had he the absolute property in any of the brick until the defendant had exercised his right of selection. The defendant had, therefore, made out a full defence to the plaintiff's

action, as was correctly decided by the judge; and although he may have placed the decision on different and possibly insufficient grounds, yet as the judgment was right, it should not be disturbed.

JEWETT, C. J., and BRONSON, J., dissented.

Judgment affirmed.