Paige, J.
 

 The principal question presented on this appeal is, whether by the surrogate’s order directing the sale of the real estate of Isaac Lawrence for the payment of his debts, and the subsequent proceedings had before the surrogate, and the acts of the respondent, the respondent is estopped or concluded from setting up her estate for life in the premises in question, assigned to her for her dower, as against the purchaser at the sale under the surrogate’s order, under whom the defendant claims.
 

 It is insisted by the appellant, that the evidence rejected by the superior court would have authorized the jury to find, that Harrison, the purchaser at the admiri-istrator’s sale, was induced to purchase by the representations of the respondent, that she was to look to the proceeds of the sale for her dower, and not.to the land ; and that the respondent had, since the sale, obtained out of the purchase-money, a full equivalent for her
 
 *374
 
 dower; and that her acts were done with intent to defraud the purchasers, and to obtain dower twice out of the estate, at their expense. It is also insisted, that, as the surrogate’s order to sell the whole real estate, did not except the respondent’s interest therein, she is concluded from setting up that interest, upon the principle of
 
 rea judicata;
 
 and that the proceedings before the surrogate and the acts of the respondent, create an estoppel
 
 in pais,
 
 and conclude the respondent from alleging that hei interest was an estate in dower, instead of a mere claim of dower. It is also insisted by the appellant, that the respondent affirmed the sale of the premises in question, including her estate therein, by taking the whole of the proceeds of the sale; and that the acts of the respondent amount to a surrender of her estate by operation of law.
 

 In
 
 Lawrence v. Miller
 
 (2 N. Y. 245), it was held by this court, that the provisions of the revised statutes in rela-^°n **° sa^e rea^ es^e ^eceased persons, under a surrogate’s order for the payment of his debts, do not authorize the sale of the widow’s estate in dower, after dower has been assigned to her. Before assignment, the widow’s interest is a mere claim of dower, which a sale under a surrogate’s order will extinguish.; but after assignment, the widow has a freehold estate in possession, and she is in possession of the seisin of her husband, as of the time when that seisin was first acquired ; her title relates back to the time of the marriage, if her husband was then seised, and if he was not then seised, it relates back to the time when he was first seised. (2 N. Y. 255; Greenl. Cruise, tit. Bower, c. 2, § 34; c. 3, § 24.) By the assignment of dower, the seisin of the heir is defeated,
 
 ab initio,
 
 and the heir is not considered as having ever been seised. (2 N. Y. 255; Greenl. Cruise, Dower, c. 3, §24.)
 

 It is upon this principle, that Judge Gardiner held, in
 
 Lawrence
 
 v.
 
 Miller,
 
 that the widow, after the assignment of her dower, was not entitled to notice of the sur
 
 *375
 
 rogate’s order to show cause why the real estate of her husband should not be sold for the payment of his debts, and had no right to appear and contest the authority of the surrogate to make an order for such sale. The revised statutes* only authorize the heirs and devisees, and persons claiming under them, to appear and litigate. (2 Rev. St. 101, § 10.) As the widow, after the assignment of her dowser, does not claim under the heirs or devisees, she cannot litigate. If she cannot litigate, and is not even entitled to notice, it necessarily follows, that she cannot be bound by the decree of the surrogate directing a sale of the land assigned to her for her dower. (2 N. Y. 257; 2 Rev. St. 101, § 10.) And this was the conclusion at which Judge Gardiner arrived in
 
 Lawrence
 
 v.
 
 Miller.
 

 If, then, as offered to be proved, the surrogate did, by his order, direct the sale of the whole of the real estate of Isaac Lawrence, including the respondent’s estate for life, assigned to her for her dower in the premises in question, the order or decree, so far as it related to her estate, was *void, and did not bind or conclude her. Although notice of the order to show cause may have been served on the respondent, as she had no right to appear and resist the order for a sale, she cannot be regarded as a party to the proceeding, nor be concluded by the decree of the surrogate. The proposition, therefore, of the appellant, that the respondent is concluded upon the principle of
 
 res
 
 judicata, cannot be ■ sustained.
 

 Do the proceedings before the surrogate, and the acts of the respondent, create an estoppel
 
 in pais,
 
 and conclude her from setting up her estate in dower, assigned to her, as against Harrison, the purchaser of the premises in question, under the surrogate’s order ? Did she, by her declarations or conduct, induce Harrison to purchase the premises, and pay the full value thereof, under the belief that he would acquire * perfect title to the
 
 *376
 
 same, discharged from all claim for dower, and all estate in dower, of the respondent therein ? To constitute an estoppel
 
 in pcis,
 
 not only must the respondent have, by her words or conduct, caused Harrison to believe that, by a purchase at the sale, he would acquire a title discharged from her estate in dower, but he must have also acted upon such belief in making such purchase, and in his payment of the purchase-money. (3 Hill 221-2, 219; 5 Denio 157; 6 Ad. & E. 469.) I cannot find in the evidence offered, sufficient to authorize a jury to find that the respondent, by her words or conduct, caused Harrison to believe that he would, by a purchase, acquire a title discharged from her estate in dower, and that he acted on such belief in making the purchase.
 

 It was not offered to be proved, that the respondent, either in person or by her authorized agents, represented at the sale, or to Harrison, or any other person, at any time previously to the sale, that a perfect title to the premises, free from her dower, would he given to the purchasers at the sale. The offer was, that the administrator at the sale represented that, under the authority of the surrogate and of the judgment *pronounced by him, such a title wTould be given. There was no offer to prove that the respondent made any such representation herself, or that she authorized the administrator to make it; or that she was present at the sale and heard it made, without expressing her dissent. There was even no offer to prove that Harrison neard the representation of the administrator, or was informed of it previously to his purchase. It appears, by the offer, that the respondent, instead of declaring that the purchaser would acquire a title discharged from her estate in dower, published a notice, under the administrator’s notice of sale, informing^ the public that the lands advertised for sale had been assigned to her for her dower, and that the sale would be subject to her estate for life therein.
 

 
 *377
 
 It does not appear, by the offer, that the respondent had any agency in the decision of the surrogate, that the purchaser would obtain a title discharged from her dower, and that her claim of dower must be satisfied out of the proceeds of the sale. She applied for an order requiring the administrator to sell the reversion in the lands assigned to her for her dower, belonging to the heirs, which she, as a creditor of the estate of her husband, had a right to do, and could do, without prejudicing her estate in dower. If she caused copies of the opinion and decision of the surrogate to be printed and circulated, with intent to defraud the purchasers at the sale, there was no offer to prove that one of these copies came to the hands of Harrison, or that he was either deceived thereby, or induced by the same to become a purchaser.
 

 The transactions, after the sale, between the respondent and the creditors, cannot estop the respondent, from setting up her life-estate, as against the appellant. No relation existed between the respondent and the creditors, which disqualified her from purchasing their claims against the estate. If the purchase of such claims was fraudulent and void as regards the creditors, the fraudulent, character of such purchase cannot *aid the appellant nor affect the respondent’s life-estate. The only remedy of the purchaser was an application to the surrogate, to set aside the sale, or a direct proceeding to be relieved from the sale, on the ground of mistake and fraud. The fraud of the respondent was against the creditors; the whole of the purchase-money belonged to them. The respondent, in the purchase of their claims, according to-the offer, induced them to deduct the value of her life-estate, on the representation that the surrogate would invest one-third of the purchase-money to satisfy her dower in the lands. Having effected a purchase, on payment of the balance of the purchase-money, after deducting the value of her
 
 *378
 
 life-estate, he claimed her estate in dower for her life, and waived all right to have one-third of the purchase-money set apart to satisfy her claim for dower, ana received from the surrogate, as assignee of the creditors, the whole of the purchase-money. She received the money, however, not in satisfaction of her dower, but in her character of creditor of the estate.
 

 Harrison, undoubtedly, when he made his purchase, relying on the decision of the surrogate, believed that he would acquire a perfect title, discharged from dower; but he, very clearly, was not influenced to make such purchase by any belief that he would acquire such a title, free from dower, caused by the declaration or conduct of the respondent. He has suffered from the error of the surrogate, but not from the misconduct or fraud of Mrs. Lawrence.
 

 The taking by the respondent of the whole of the purchase-money, cannot be regarded as an affirmance of the sale of her estate for life, in the lots in question, to Harrison. • She did not receive the money as an equivalent for, nor in satisfaction of her estate in dower, but expressly in her character of creditor of the estate of her husband. Before she received the money, she notified the surrogate that she claimed an estate in dower for her life, in the premises in question, under the assignment of the same to her, in accordance with *the decree in chancery. The reception by the respondent of the purchase-money, under such circumstances, cannot be considered as an act of affirmance, nor as concluding her from denying that her estate in dower passed, under the sale-and conveyance, to Harrison.
 

 The acts of the respondent under the proceedings of the surrogate, did not amount to a surrender of her estate in dower, by operation of law. The presumption of a surrender arises from the acts of the parties, which are supposed to indicate an intention to that effect; where no such intention appears, or can be inferred oi
 
 *379
 
 implied, the presumption cannot be supported.
 
 (Van Rensselaer
 
 v.
 
 Penniman,
 
 8 Wend. 579, per Savage, C. J.; Roberts on Frauds 258.) Here, the evidence offered to be introduced, showed no act of the respondent, indicating an intention to surrender her estate in dower. A surrender of an estate for life or years, to the1 owner of the next immediate estate in reversion or remainder, is implied in law, where an estate, incompatible with the existing estate, is accepted by the lessee, as where the lessee takes a new lease of the same lands, from the reversioner or remainder-man. (4 Kent Com. 103-4; 16 Johns. 28; 6 Wend. 578; Roberts on Frauds 254, 258.) And, it seems, that strictly, a surrender by act or operation of law, exists only where the new estate accepted by the lessee is created in writing; such new estate being created in writing, it is regarded as of equal notoriety as a surrender in writing. (Roberts on Frauds 253-4; 2 Rev. St. 135, § 6.)
 

 The doctrine of surrender of an estate for years, by operation of law, has been applied to cases of a mere restoration, by the tenant, of his possession, to the landlord ; and where the landlord, with the consent of the tenant, grants an estate in the premises to a third person. In such cases, however, there can be no surrender implied in law, without an actual change of the possession. (Ni
 
 ckells
 
 v.
 
 Atherstone,
 
 10 Ad. & E. (N. S.) 944;
 
 Dodd
 
 v.
 
 Acklom,
 
 6 Man. & Gr. 673, 679.) Here, it does not appear by the evidence offered to be introduced, that the respondent *accepted an estate incompatible with her estate for life, or consented that an estate be granted to Harrison inconsistent with such estate; and the proof shows, that there has been no change of the possession from the respondent to Harrison. The attornment by the appellant to Harrison was absolutely void. (1 Rev. St. 744, § 3.)
 

 I can discover no error in the judgment of the superior court, and am of opinion, that it should be affirmed
 
 *380
 
 In this opinion, a majority of the members of this court concur.
 

 Judgment affirmed.
 

 Foot and McCouN, JJ., dissented.