## SCHNITZER *v.* HUSTED *et al.*

*(City Court of New York, General Term. June 19, 1891.)*

USURY—EVIDENCE—INCEPTION OF DEBT.

In an action against the maker and indorser of notes which were delivered by the maker to the indorser, and by the indorser to plaintiff, defendants pleaded usury. The indorser testified that he asked plaintiff to discount the notes for the maker and himself. *Held*, that the indorser had a right to testify further as to the circumstances under which he got the notes from the maker, since defendants were entitled to show, in support of their defense of usury, that the notes had no inception until their delivery to plaintiff.

Appeal from trial term.

Action by Hyman Schnitzer against Sabina E. Husted and Peter V. Husted on two promissory notes made by Sabina E. Husted to Peter V. Husted, as follows:

"$500.                                    NEW YORK, Apr. 15, 1889.

"Four months after date, I promise to pay to the order of P. V. Husted five hundred dollars, at the New England Hotel, 30 Bowery; and it is hereby agreed that this note shall be chargeable to my separate estate, which has received the benefit thereof. Value received.        S. E. HUSTED."

"$400.                                    NEW YORK, May 29, 1889.

"Four months after date, I promise to pay to the order of P. V. Husted four hundred dollars, at the New England Hotel, 30 Bowery; and it is hereby agreed that this note shall be chargeable to my separate estate, which has received the benefit thereof. Value received.        S. E. HUSTED."

Both notes were indorsed by defendant Peter V. Husted. The answer alleged that the notes were made and delivered upon an usurious agreement, made by and between plaintiff and defendants, that defendants should pay to plaintiff, and that plaintiff should receive and secure to himself, for the loan

and forbearance of the sums mentioned in the notes described in the complaint, a greater sum than at the rate of $6 for the loan and forbearance of $100 for one year, namely, at the rate of 2 per cent. per month, or at the rate of $24 for the loan and forbearance of each $100 for one year. Judgment was entered on a verdict directed for plaintiff, and defendants appeal.

Argued before EHRLICH, C. J., and McGown and McCARTHY, JJ.

*Howard Y. Stillman,* for appellant. *David Leventritt,* for respondents.

EHRLICH, C. J. Peter V. Husted, one of the defendants, testified that he asked the plaintiff to discount the notes for Mrs. Husted, the maker, and himself. He was afterwards asked to state the circumstances under which he got the notes from Mrs. Husted. The question was objected to and excluded. This was error. The defendants had the right to show that the notes had no inception at the time of the discount, and the answers interposed are broad enough to admit such proof. The plaintiff was not asked by Mr. Husted to purchase from him existing obligations, but to discount for Mr. and Mrs. Husted the notes presented, which implied that they had not as yet been negotiated or discounted for either of them. This is the fair import of the language, and brought home knowledge to the plaintiff respecting the character of the paper offered. See *Baker* v. *Insurance Co.,* 43 N. Y. 283. In order to create an estoppel *in pais,* it must appear that the party caused the other to believe the existence of the facts to which the estoppel relates, and also that the other has acted upon such belief. *Lawrence* v. *Brown,* 5 N. Y. 394. An equitable estoppel never takes place where one party does not intend to mislead, and the other party is not actually misled. *Jewett* v. *Miller,* 10 N. Y. 402. The evidence showing the circumstances connected with the making, delivery, and negotiation of the notes should have been received, and it was then a question for the jury to determine, whether the plaintiff relied upon the representation, and whether he would be wronged if the defendants were not held to it. The defendant recalled the plaintiff as a witness, and he gave testimony that the defendants thought proper to contradict; and the trial judge refused to permit them to do so, on the ground that they were attempting to contradict their own witness. The defendants had the right to contradict him, but not to impeach his credibility. *Thompson* v. *Blanchard,* 4 N. Y. 303. For these reasons the judgment appealed from must be reversed and a new trial ordered, with costs to the appellant to abide the event. All concur.