(159 App. Div. 230.)

### PAIDER v. SUCHY et al.

(Supreme Court, Appellate Division, First Department.   November 21, 1913.)

1. WILLS (§ 647*)—TESTAMENTARY TRUST—VALIDITY—"NOT LIVING WITH HER HUSBAND."

   Testator left property in trust to pay the income thereof to a married daughter, if she should be a widow or should "not be living with her husband." The daughter at the time the will was made was an incompetent confined in a hospital under a commitment and suffering from a probably incurable infirmity. *Held*, that the words "shall not be living with her husband" should not be given the meaning of a voluntary living apart from her husband, but that the condition was not illegal, and the trustees might provide for her out of the trust fund.

   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1533–1538; Dec. Dig. § 647.*]

2. WILLS (§ 686*)—TESTAMENTARY TRUST—VALIDITY.

   Where a devise in trust is unambiguous and valid, it can neither be avoided nor converted into an absolute devise, since that would be to make a will for testator.

   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1631–1637; Dec. Dig. § 686.*]

Appeal from Special Term, New York County.

Action by Julius G. Paider, as committee of the estate of Mary Paider, an incompetent, against Josephine Suchy and others, as executors and trustees of the estate of Franz Suchy, deceased, and individually, and others. From a judgment holding a condition upon the payment of the trust income void, but disregarding it and leaving a valid trust provision, the parties appeal. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Otto H. Droege, of New York City, for appellant.
Daniel J. Mooney, of New York City, for respondent.

SCOTT, J.   The action is brought by the committee of the estate of Mary Paider, an incompetent, and the judgment sought is one to declare that the provision made for said incompetent by the seventh clause of the will of her father, Franz Suchy, is invalid as a trust for her benefit, and should be construed as an absolute gift to her.

The clause in question reads as follows:

"Seventh. And it is my will and I do hereby provide that with regard to the shares bequeathed to and payable to my said trustees as provided in subdivisions of this will numbered second, third and fourth, that the same when paid to my said trustees shall be held by them, or the survivor in trust, to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

pay the same or the income thereof for the use of my daughter, Mary Paider, wife of Dr. Julius G. Paider, only for such uses and purposes as my trustees may deem for the interest and benefit of my said daughter Mary Paider, provided, however, and payable only in case my said daughter shall be a widow or shall not be living with her husband, it being my intention that said Mary Paider shall have no absolute right, interest, or benefit of such provisions except as far as my said trustees or the survivors shall determine, and in no event shall any property or proceeds of my said property or provisions so made be paid for any other purpose or purposes excepting for her personal benefit, and whatever payments be made by my said trustees shall only continue and be made during the life of my said daughter, Mary Paider, upon her death my said trustees are empowered to pay out of said share so bequeathed to and held by them under said subdivisions second, third and fourth, to my granddaughter Lillian, daughter of my said daughter, Mary Paider, the sum of twenty-five dollars, and shall pay to Julius George Paider, son of said Mary Paider, the sum of twenty-five dollars."

By the succeeding clause of the will, disposition is made of any moneys not expended by the trustees for the purpose designated in the seventh clause, and which remains undisposed of at the death of said incompetent.

[1] The objections which plaintiff finds to the clause above quoted, and which as he insists invalidate the trust, are based upon the provision that the income shall be "payable only in case my daughter shall be a widow, or shall not be living with her husband." The court at Special Term found that this clause imposed a condition upon the payment of the income which was void as against public policy, but that such illegal condition should be disregarded, leaving a perfectly valid trust provision.

The evidence showed that at the time the will was made, and for some time prior thereto, the incompetent had been confined in the Manhattan State Hospital under a commitment. It appears in evidence that her infirmity is probably incurable, but it does not appear that her father knew that fact when the will was made. The purpose which the testator sought to effect is perfectly plain. He wished to make provision for the support of his daughter, but he did not desire that she should enjoy that provision while living with her husband. This limitation upon his bounty was within his power to make unless he was constrained by some rule of law. His clear intention was that she should receive benefit from the devise (1) if she became a widow, and (2) if, not being a widow, she lived apart from her husband. The second is the only condition which seems to me to be of doubtful validity. If it is to be construed as offering a premium to her to live apart from her husband, it would be, I think, an illegal condition, as contrary to public policy, and one which the trustees would be justified in disregarding as a limitation upon their discretion in applying the trust fund or its income to the benefit of said Mary Paider. The question, however, is not, in my opinion, a practical one, and it may never become such. I do not consider, in view of the circumstances which existed when the will was made, that the words "shall not be living with her husband" should be given the narrow construction of meaning voluntarily living apart from her husband. So long as she is confined in the Hospital for the Insane, she is, in a very real sense, "not living with her husband." This was her situation when the will was made,

and it is reasonable to assume that this is what the testator had in mind. This is certainly a possible interpretation of the will, and to this extent the condition is not illegal. I find therefore no necessary illegality in the devise or the conditions attached to it. So long as the incompetent is confined in the hospital, and in that sense "not living with her husband," it is competent for the trustees to provide for her, in their discretion, out of the trust fund. What would be their duty in the improbable event that she should recover her sanity it is not necessary now to consider, and the trustees ask no instructions.

[2] In no view of the case is there room for the judgment which plaintiff demands, to wit, that the devise in trust for the benefit of Mary Paider be not only avoided, but that it be converted into an absolute devise to her. That would be to make a will for the testator. The only provision made for Mary Paider is contained in the seventh clause of the will. If that be declared invalid in toto, as plaintiff insists it should be, the share which otherwise would be held for her benefit would go into the residuary estate under the eighth clause of the will, and she would be left wholly unprovided for. It is unnecessary, however, to so destroy the devise. It follows from what has been said that the judgment should be modified by striking out the provision "eliminating" from the will the words "provided however, and only payable in case my said daughter shall be a widow, or shall not be living with her husband," and also further modified by dismissing the complaint with costs, and as so modified is affirmed with costs to the defendants-appellants.

Order to be settled on notice, at which time the necessary modifications of the findings will be passed upon.

Order modified as directed in opinion, and as modified affirmed, with costs to defendants-appellants. All concur.