ANTHONY J. STEFFAN, Plaintiff, v. JOSEPH J. STEFFAN and Others, Defendants.

Supreme Court, Erie County, January 17, 1930.

*Gibbons & Pottle*, for the plaintiff.

*McIntyre & Schwartz*, for the defendant Joseph J. Steffan.

LYTLE, J. Anthony J. Steffan died in May, 1922. He left a will, by which he bequeathed certain real estate in question, located on Main street in Buffalo, to his sons, Joseph J. Steffan and Anthony J. Steffan.

There seems to be no serious dispute as to the proposition that in the original will an absolute estate was given, but it appears that a document purporting to be a codicil, bearing date the 17th day of March, 1919, came into existence. This codicil provided, in substance, that the said property " should be kept in their possession, and that neither Joseph J. Steffan or Anthony J. Steffan can force a sale of said property at this time or at any other time in the future unless satisfactory to both Joseph J. Steffan and Anthony J. Steffan."

It appears that in the first instance, by the terms of the will, an absolute devise and bequest was made by the testator of the property in question to his two sons. Are the words in the codicil ineffectual to limit the quality of the estate given?

In the case of *Hacker* v. *Hacker* (153 App. Div. 270), referred to and followed in *Matter of Tallman* (131 Misc. 863), it was said that where an estate in fee simple is granted, a condition that

the grantee shall not alienate the land or shall alienate it only to those having the testator's family name, is void, for the reason that a fee simple estate and such a restraint upon its alienation cannot in their nature coexist.

The *Hacker* case follows the case of *Schermerhorn* v. *Negus* (1 Den. 448) holding: " ' The will of Ryer Schermerhorn was not annulled by the clause which it contained against alienation, although that clause, being repugnant to the nature of the estate devised, was void, at least as to those who were to take a fee under the will.' " Also in the *Hacker* case (at p. 273) the following appears: " ' Where an estate in fee simple is granted, a condition that the grantee shall not alien the land is void.' The history of the rule respecting restraints upon alienation is interestingly stated by Chief Judge RUGGLES in his opinion in *De Peyster* v. *Michael* (6 N. Y. 467), and one reason for the present rule is stated to be ' that a fee simple estate and a restraint upon its alienation cannot in their nature coexist.' "

Applying that rule to the situation herein involved, if one brother could not dispose of his interest in the estate, or, to use the language of the codicil, " force a sale of said property," either brother, without justifiable excuse and merely from a whim, if he so desired, would impose a limitation upon the interest of the other brother, the effect of which would be to convert the estate in fee simple given to him under the will into a life estate, amounting only to the use of his share in the said estate during the election or lifetime of the objecting brother.

It seems that such a situation is clearly in the nature of a limitation repugnant to the estate as given in the will, and as such, under the decisions referred to, void. (See, also, *Matter of Rossiter*, 134 Misc. 837, 841.)

In view of the premises, it is hereby determined that the plaintiff is entitled to judgment in accordance with the memorandum herein.

Let findings and conclusions be prepared and submitted accordingly.