In the Matter of the Estate of FREDERICK G. FELDHUS, Deceased.

Surrogate's Court, Kings County, November 23, 1937.

*Otto M. Gabler* [*E. V. B. Getty* of counsel], for the petitioner Amalia D. Feldhus, as executrix, etc., widow.

*Lang & Engels*, for the respondent Francesca E. D. H. Schaefer, daughter.

WINGATE, S. The problem propounded concerns the interpretation of the third item of the will of this decedent which was admitted to probate on February 25, 1913. It reads: "I give, devise and

bequeath unto my beloved wife, Amalia D. Feldhus all the rest, residue and remainder of my estate, both real and personal of whatsoever nature or kind and wheresoever situated, to apply the rents, issues and profits therefrom toward her support and maintenance so long as she shall remain unmarried and my widow; but in case of her remarriage, then and in that case, she shall only receive one-third of my estate and the remaining two-thirds thereof, I give, devise and bequeath to my daughter, Francesca E. D. H. Schaefer, wife of Charles Schaefer, Jr., if she be living or to her issue if she be dead."

The instrument contains no subsequent dispositive direction except on the contingency that the wife predeceased the testator, which did not occur.

The opposing contentions of the widow and daughter are, on the one hand, that an absolute gift of the remainder was given to the widow subject only to diminution in the event of her remarriage, and, on the other, that the maximum which the widow was to receive was a life estate.

A preliminary issue, raised by the daughter, is that her mother is estopped to assert her claim by reason of her failure to do so earlier. This is wholly untenable whether viewed from the standpoint of an ordinary estoppel *in pais* or its related doctrine of waiver. No express waiver by her has been demonstrated and no implied waiver may be deduced from the facts, since this is a purely equitable doctrine which will be applied only on a demonstration of deliberate, informed abandonment of known rights (*Alsens A. P. C. Works* v. *Degnon Contracting Co.*, 222 N. Y. 34, 37; *Draper* v. *Oswego County Fire Relief Assn.*, 190 id. 12, 16; *Ansorge* v. *Belfer*, 248 id. 145, 150; *Matter of Miller*, 162 Misc. 563, 571; affd., 252 App. Div. 872), of which there is here no intimation.

Nor has there been demonstrated any alteration of position on the part of the daughter in reliance upon the temporary failure of the widow to assert any rights which she may possess to ownership of the entire property subject to the divesting condition subsequent of her remarriage. In the absence of such showing no estoppel *in pais* can be invoked against her. (*Laurence* v. *Brown*, 5 N. Y. 394, 401; *Jewett* v. *Miller*, 10 id. 402, 409; *Manufacturers' & Traders' Bank* v. *Hazard*, 30 id. 226, 230; *Continental National Bank* v. *National Bank of the Commonwealth*, 50 id. 575, 581; *Blair* v. *Wait*, 69 id. 113, 116; *Rothschild* v. *Title Guarantee & Trust Co.*, 204 id. 458, 464; *Olin* v. *Kingsbury*, 181 App. Div. 348, 355; *Matter of Leverich*, 135 Misc. 774, 778; affd., on opinion of this court, 234 App. Div. 625.)

Approaching a consideration on the merits of the question of interpretation, clarity of conception will be promoted by observing that the disputed item consists of two parts, the first of which effects the gift to the widow and the second conditionally reduces this donation on the stated contingency that she shall remarry. Since the latter contingency has not occurred, and there is no inference that it will happen in future (*Humes* v. *United States,* 276 U. S. 487, 494; *Matter of Rothfeld,* 163 Misc. 11, 15), the daughter received no interest on the death of the testator under the terms of the will and the entire present right to all that was expressly vested in the widow. (*Fowler* v. *Coates,* 201 N. Y. 257, 262; *Vail* v. *Long Island R. R. Co.,* 106 id. 283, 287; *Calvary Presbyterian Church* v. *Putnam,* 249 id. 111, 115; *Beardslee* v. *Beardslee,* 5 Barb. 324, 330; *Weiss* v. *City of Mount Vernon,* 157 App. Div. 383, 387; affd., 215 N. Y. 657; *Matter of Johnson,* 133 Misc. 566, 567; *Matter of Smallman,* 141 id. 796, 803.)

Assuming the condition to continue unbroken until the death of the widow, the will contains no gift of the residue of the estate, either expressly or by implication, to any other person, wherefore, if the contention of the daughter is correct that the will gives the widow only a life estate, it must follow that the remainder following such life estate will devolve as intestate property.

The settled principle of construction is, however, to the contrary, since it is well established that in the absence of an unequivocal expression of contrary intent, which is not here present, a " general gift of the income, arising from personal property, making no mention of the principal, is equivalent to a general gift of the property itself." (*Hatch* v. *Bassett,* 52 N. Y. 359, 362.) The same applies to real estate, so that " a devise of the interest or of the rents and profits is a devise of the thing itself out of which that interest or those rents and profits may issue." (*Paterson* v. *Ellis,* 11 Wend. 259, 298; *Locke* v. *Farmers' Loan & Trust Co.,* 140 N. Y. 135, 145.) This rule has been reiterated on innumerable occasions. A few examples are *Jennings* v. *Conboy* (73 N. Y. 230, 236); *Matter of Ingersoll* (95 App. Div. 211, 212); *Matter of Goldmark* (186 id. 447, 451); *Matter of Allen* (111 Misc. 93, 125; affd., 202 App. Div. 810; affd., as to this point, 236 N. Y. 503); *Matter of Harris* (138 Misc. 287, 289); *Matter of Billman* (142 id. 877, 878) and *Matter of Smith* (150 id. 367, 368).

It must, accordingly, follow in the present case that the widow received an absolute estate in the entire residue subject to divestment as to two-thirds thereof in the event of her remarriage, but that until the happening of such event her ownership thereof is absolute.

Enter decree on notice in conformity herewith.