In the Matter of the Estate of D. Leo Gimbel, Deceased.

Surrogate's Court, New York County, May 29, 1943.

*Barr & Barr* and *Myers, Goldsmith & Behr* for Solo Blank, as administrator c. t. a., petitioner.

*Louis P. Neustein* for Annette G. Strome, respondent.

*Grace Kelly Santo*, special guardian for Carol Blank and others, infants.

Foley, S. By prior decision herein (N. Y. L. J., May 12, 1943, p. 1857) there was reserved for subsequent determination the construction of the codicil to the will. The provision to be construed reads as follows: " I hereby give, devise and bequeath to my friend, Annette Guerlaine Strome, in appreciation of her many kindnesses and attentions to me, the sum of One hundred dollars ($100) a month for and during her life so long as she shall remain unmarried. Upon the marriage of

the said Annette Guerlaine Strome or upon her death, which-
ever shall first occur, this provision and the payment there-
under shall wholly cease and terminate.''

The question presented is whether the provision in the codicil
for payment of the monthly sums to the annuitant '' during her
life so long as she shall remain unmarried '' is a limitation of
payment until marriage or a condition in restraint of marriage.
If it is a limitation, it is valid; if it is a condition in restraint
of marriage, it is void and the annuitant would be entitled to
the monthly payments for the duration of her life, free of any
restraint upon her marriage at any future time.

By his will the testator left his entire estate to his sister,
Cora Gimbel Groskin, with payment thereof to his niece, Doro-
thy Groskin Blank, if his sister should predecease him. By
the first codicil to his will he specifically bequeathed all of his
jewelry to a cousin. No other bequests than those mentioned
were made by the testator either in his will or in his codicils.

It is contended by the annuitant that the testator attempted
to impose a condition upon the gift which was in general
restraint of marriage. If such were the purpose of the testator
her contention would be correct because the law of this State
still regards a condition which is calculated to induce a bene-
ficiary to live in celibacy or adultery as a condition in general
restraint of marriage and, therefore, void, because contrary
to public policy. (*Matter of Liberman,* 279 N. Y. 458; *Matter of
Seaman,* 218 N. Y. 77, 81.)

I can find no intent, however, on the part of the testator to
discourage the annuitant from marrying or to influence her to
refrain from marrying or to impose any restraint whatsoever
upon marriage. Rather is there indication here of intent to
make the annuity payments during her lifetime while she remains
in single status, with no thought of preventing marriage or
promoting celibacy. As was said by the court in *Matter of
Hughes* (225 App. Div. 29, affd. 251 N. Y. 529): '' An inference
that one is moved by an improper or unlawful motive should
never be drawn where a legitimate purpose is just as apparent.''

The annuitant at the date of testator's death was a young
woman about thirty-two years of age and unrelated by blood
to him. He described her in the codicil as '' my friend.'' He was
under no legal or moral duty arising either out of a marital
or parental status or out of a blood relationship to provide for
her maintenance and support. His gift to her was intended
merely as a benefaction '' in appreciation of her many kind-
nesses and attentions '' to him. Undoubtedly it was his plan

to help her support herself during her lifetime so long as she remained a single woman and until the obligation for her legal support became that of a husband whom she might marry. To that extent only did he permit the entire estate, which he bequeathed by his will to his sister, his sole next of kin, to be charged with the payment of the annuity to her. To that extent also did he fix the value of her " many kindnesses and attentions " to him.

I accordingly hold that the provision " during her life so long as she shall remain unmarried " is one of limitation which fixed the period during which the payments of the annuity were to be made and did not impose an unreasonable or illegal condition in restraint of marriage. Support for this conclusion may be found in the authorities of this State where similar provisions in wills have been construed as limitations and not conditions intended to be in general restraint of marriage. (*Irwin* v. *Irwin,* 179 App. Div. 871; *Matter of Horton,* 160 Misc. 64; see, also, *Robinson* v. *Martin,* 200 N. Y. 159.) The provision is, therefore, valid. Since the testator here has created a common-law annuity which is not payable out of the income of a trust but is a direct charge upon the whole estate bequeathed to his sister, upon the marriage of the annuitant or upon her death, whichever event shall first occur, the payments must cease and the estate will then be freed from its charge.

In my previous decision I directed the setting aside of the fund for the payment of the annuity. The decree, settling the account, may be submitted, on notice, in accordance with both decisions of the Surrogate.