In the Matter of the Will of HOWARD A. LAMBERT, Deceased.

Surrogate's Court, New York County, March 1, 1944.

*Shlivek & Brin* for Martha Lambert, petitioner.

*Kupfer, Silberfeld, Nathan & Danziger* for Eli S. Silberfeld and another, as executors and trustees, respondents.

*Isidore Englar* for Julia W. Millhauser, respondent.

FOLEY, S. This proceeding for the construction of the will was initiated by Martha Lambert, the widow of the testator and a beneficiary of the residuary trust. The income of the trust was directed to be paid to the petitioner " during the term of her natural life, or until she shall re-marry." She contends that the limitation upon the gift invalidly restraining her remarriage is contrary to public policy and void.

The decedent was survived by his widow, petitioner, and a daughter. Upon the happening of either of the events specified for the termination of the trust for the widow, the income is to be paid thereafter to his daughter, with further directions for the payments of certain fractional shares at designated ages and gifts of the remainder under certain contingencies. These ulterior gifts are not material here.

The daughter of the testator is living. The widow has not remarried and is receiving the income of the trust. There is intimation that she is desirous of contracting a new alliance. There is indication also that she desires to know before, rather than after taking the step whether it will result in the loss of her income from the trust.

It may be noted at the outset that no question is involved as to the right of the widow to elect to take her intestate share under section 18 of the Decedent Estate Law. Because of her express waivers, no such right exists. The decedent executed his will on October 20, 1934. About two years later he added a codicil to it which merely changed the executors and trustees. On November 16, 1935, the petitioner, by a writing endorsed upon the will itself, duly waived her right to elect to take against the will. The waiver was executed in accordance with the terms of the statute. (Decedent Estate Law, § 18, subd. 9.) She likewise waived her right to take against both will and codicil by a subsequent writing endorsed upon the codicil, executed by her on November 21, 1936. On those dates she was plainly satisfied with the terms of the will and was willing to accept the gifts therein made. Her reason for waiving her right to take against the will is clear. Her husband was privileged under section 18 of the Decedent Estate Law to leave her the income of one third of the net estate with an outright legacy of $2,500 within such share. Under the terms of the will she was given an outright legacy in that amount and the income of the entire residuary estate, the principal of which exceeds one half of the net estate. The fund now in the hands of the trustees has a value of approximately $175,000. The testator died on October 9, 1939.

The Surrogate holds that the trust created by the testator is in all respects valid. The provision limiting the income to the widow until she shall remarry does not offend the public policy of this State.

It is a common practice for a husband or wife to annex to a gift of property to the surviving spouse a condition or limitation in respect of the remarriage of the survivor. Instruments containing such provisions have been before the courts of this State on many occasions, and the validity of the restraint has never been challenged. (*Matter of Byrnes*, 260 N. Y. 465, 471; *Matter of Schriever*, 221 N. Y. 268; *Matter of Allen*, 151 N. Y. 243, 248; *Matter of Blauvelt*, 131 N. Y. 249, 251; *Matter of Feldhus*, 165 Misc. 122, affd. 254 App. Div. 902, affd. 280 N. Y. 568; *Teetsell* v. *Ross*, 201 App. Div. 826; *Weiss* v. *City of Mount*

*Vernon,* 157 App. Div. 383, 387, affd. 215 N. Y. 657; *Matter of Campbell,* 177 Misc. 426, 429; *Matter of Johnson,* 133 Misc. 566; *Matter of Morten,* 130 Misc. 34.)

It has plainly been assumed by court and counsel for the surviving spouse that such conditions were valid. Indeed the general rule has been broadly stated to the effect that general restraints upon a second marriage of a person are permissible whether the one restrained be the spouse of the testator or not. (*Matter of Catlin,* 97 Misc. 223, 231; 1 Scott on Trusts, p. 385; Restatement, Trusts, § 62, p. 194; 3 Page on Wills [3d ed.], p. 810; 3 Pomeroy's Equity Jurisprudence [5th ed.], § 933b; 6 Williston on Contracts [rev. ed.], p. 4926.) We are not here concerned with the validity of the principle as so stated, for the provision in the will under construction operates only upon the widow of the testator. In other jurisdictions such a provision, even when viewed as a restraint upon the remarriage of the surviving spouse, has generally been upheld. (See cases cited, Page on Wills, *loc. cit. supra;* Browder, Restraints on Marriage, 39 Mich. L. Rev. 1288, 1310; annotation, Restraints on Marriage, 122 A. L. R. 7, 33.) The rule as set forth in the Restatement of the Law of Property (Tentative Draft No. 14) is as follows: " An otherwise effective condition precedent, special limitation, condition subsequent, or executory limitation which is designed to prevent the acquisition or retention of an interest in land or in things other than land in the event of remarriage is valid where the person restrained is the spouse of the person imposing the restraint." (§ 426, subd. 1.) A restraint upon the remarriage of other persons is valid " if, and only if, it is reasonable." (§ 426, subd. 2.)

In view of the generally accepted and firmly established approval of restraints upon the remarriage of the spouse of the maker of the will and the common use of such restraints in wills in this State for many years, an extended examination of the s ·bject or a prolonged discussion of the principles would appear unnecessary at this time. The petitioner, however, contends that two recent decisions of the Court of Appeals have indicated an abandonment of the old rule and an adoption of the rule that a restraint on marriage is void, whether the marriage restrained be that of the widow of the testator or of any other person. (*Matter of Liberman,* 279 N. Y. 458, affg. 253 App. Div. 884, which affd. 163 Misc. 105; *Matter of Dettmer,* 176 Misc. 512, affd. 262 App. Div. 1032, affd. 289 N. Y. 597.)

The petitioner is in error in her contention that our courts have modified the rule validating restraints upon the remar-

riage of the surviving spouse of the testator. In neither of the cases cited was the restraint operative against the widow of the testator. In *Matter of Liberman* (*supra*) the person restrained was the son of the testator, and in *Matter of Dettmer* (*supra*) the beneficiary was described as a friend. These decisions do indicate that the broad rule upholding general restraints on the second marriage of *any* person is not recognized in this State. They have not, however, in the slightest degree modified the settled rule that a restraint upon the remarriage of the widow or widower of the maker of the will is not contrary to the public policy of this State.

The petitioner in this proceeding places much emphasis upon one statement of the learned Surrogate in *Matter of Dettmer* (*supra*). He said: " There is a general impression in this and in other States of the existence of an exception to this rule in respect of an estate to a surviving spouse during widowhood, although there appears to be a singular dearth of New York adjudications which have expressly so held (see *Chapin* v. *Marvin*, 12 Wend. 538, 540; *Matter of Schriever*, 174 App. Div. 113, 115; modified on other grounds, 221 N. Y. 268; *Matter of Byrnes,* 260 id. 465, 471), and it may well be that were the question to be directly litigated it would be determined that a condition of this nature which was not capable of interpretation as a mere limitation of the estate given to the surviving spouse would be invalid.'' This statement is mere dictum. The Surrogate did not devote any further argument to that question and thereafter limited his discussion to the question presented, which involved '' a gift to a person, not the wife of the testator ''.

Neither does the decision in *Matter of Liberman* (*supra*) support the argument of the petitioner. The question in that case was whether a provision in the will which terminated the estate of the testator's son upon his marriage without the consent of the executors and trustees, was contrary to public policy and void. The Court of Appeals held that the condition was void under the circumstances of that case since those whose consent was required would benefit by the forfeiture. The son had been previously married and the restraint operated only upon his subsequent marriage. While the court impliedly affirmed the principle that unreasonable restraints upon the second marriage of one not the spouse of the testator are invalid, the decision in no way alters the rule which upholds a restraint upon the remarriage of the surviving spouse.

The validity of restraints upon the remarriage of the surviving spouse is well sustained by authority and precedent. Reason and logic provides a further support for this rule.

The law is firmly established in this State that reasonable restraints or limitations in respect of a second marriage are permissible. (*Matter of Hughes,* 225 App. Div. 29, affd. 251 N. Y. 529; *Irwin* v. *Irwin,* 179 App. Div. 871; *Paider* v. *Suchy,* 159 App. Div. 230; *Wright* v. *Mayer,* 47 App. Div. 604.) A limitation or condition is reasonable where the dominant purpose of the testator is to provide necessary support and maintenance for a woman up to the time that her future husband shall assume that obligation, or where the main purpose is to provide for designated persons by means of a gift to the primary beneficiary and the remarriage of that beneficiary would jeopardize the provision for the main objects of his bounty. A provision designed to provide support until marriage would be as valid in respect of a first marriage as of a second marriage. (*Robinson* v. *Martin,* 200 N. Y. 159, 167; *Matter of Horton,* 160 Misc. 64; *Matter of Gimbel,* 180 Misc. 302; Restatement, Property, *supra,* § 424.)

What restraints are reasonable and what are unreasonable depend upon the particular circumstances of each case, such as the relationship of the testator and the person restrained, the needs of the beneficiary, the purpose of the testator, and such similar factors. When the person upon whom the restraint is designed to operate is the spouse of the testator, the very nature of the relationship between them and the mutual rights and obligations that spring from it serve to set this situation apart from restraints upon the remarriage of other persons. The husband is required by law to furnish adequate and reasonable support to his wife during his lifetime. A wife assumes certain duties and obligations toward her husband. Upon the death of either spouse, the law grants to the survivor a right to participate in the estate of the deceased spouse and it prevents the disinheritance of a surviving spouse by conferring upon him or her a right to elect under certain circumstances to take a prescribed intestate share even against the will. (Decedent Estate Law, § 18.)

In other jurisdictions a similar declaration of public policy has been made. Thus in Massachusetts it has been stated by its highest court: " Whatever may be true of devises and bequests to other persons, the right of a widow to receive certain portions of the estate of her deceased husband is secured by statutes, if she chooses to avail herself of them. If a widow prefers to take under the will of her husband, and he has chosen by his will to give her the use of property during her widowhood only, intending that, if she marry again, she should rely

thereafter for her support upon her future husband, we think that his intention ought not to be defeated on any ground of public policy, and the decisions on this question do not proceed upon any distinction between a limitation of the duration of the estate given to the widow and a condition subsequent whereby the estate given is divested on her remarriage." (*Knight* v. *Mahoney*, 152 Mass. 523.)

Other compelling reasons of a practical nature support the public policy of permitting a married person to annex to a gift of property to the surviving spouse a condition in restraint of remarriage. The donor may feel that his children, or other close relatives or objects of his bounty, will continue to benefit so long as the surviving spouse does not remarry; the condition may arise from a desire that a new husband or wife of the survivor shall not share in the gift; it may be prompted by a hope to compel fidelity to the testator's memory. Perhaps other natural feelings may prompt such a restraint. Neither the protection of morals nor other ground of public policy requires the destruction of the right, as applied to a husband or wife, to withhold his or her estate from passing to the support of a second husband or wife, as the case may be. (*Appleby* v. *Appleby*, 100 Minn. 408.)

The Surrogate accordingly holds that the gift of income to the widow of the testator is reasonable, valid and effective. If she remarries, her right to income will cease. No public policy is infringed by the limitation of the gift of income to the period of her widowhood.

The petitioner also seeks a determination as to her right to participate in the distribution of the corpus in the event that her daughter should predecease her, leaving no issue. She contends that since she was the surviving spouse and a distributee at the time of the testator's death, she would in such a contingency be entitled to take under the terms of the will " by the intestacy law of the State of New York then in effect." That question is academic at the present time. The widow has not remarried. The daughter is living and is married. The question as to the right of the widow under circumstances not presently existing will be determined if the need for such a disposition ever arises under the test of actual events and not of possibilities. (*Matter of Mount*, 185 N. Y. 162; *Matter of Trevor*, 239 N. Y. 6, 18; *Matter of Gallien*, 247 N. Y. 195, 203; *Looram* v. *Looram*, 269 N. Y. 296, 304; *Matter of Hance*, 180 N. Y. S. 269, affd. 192 App. Div. 904.)

**Submit decree** on notice construing the will **accordingly.**