John C. Boylan, S.
In this proceeding, it is necessary for the court to construe the following section of the will:
‘ ‘ seventh : I give and devise all of my real estate to my daughter-in-law, eleanor isabelle brower. None of my real estate may he sold by said eleanor isabelle brower without the express written consent of jane eleanor (brower) gustaeson, SHIRLEY ANNE (BROWER) SMITH and ELIZABETH MILLS BROWER.
‘ ‘ Should said Eleanor Isabelle Brower predecease me or any of the persons designated in paragraph ‘ sixth ’ of this my Last Will and Testament predecease me or should said Eleanor Isabelle Brower re-marry, irrespective of which of these events shall first occur, then said property shall be divided equally among the persons designated in paragraph 1 sixth ’ of this will, then living, at the time of said occurrence. ’ ’
From the language just quoted, the court must determine the effect, if any, of the restriction placed upon the sale of the real property, and the gift over in the event of the remarriage of the recipient of the devise. In addition, the court is also asked to hold that the testatrix, wherever she used the phrase in the section to be construed, “ persons designated in paragraph 1 sixth of said will, actually had in mind those persons mentioned in section “ seventh ”. It is conceded by all the parties in interest that in drafting the will, the attorney for the testa *483 trix, inadvertently used the word c 1 sixth ’ ’ instead of “seventh”. The testatrix died on November 25, 1958, survived by the afore-mentioned daughter-in-law Eleanor Isabelle Brower, and all the persons who are mentioned in sections, or paragraphs 1 ‘ sixth ’ ’ and ‘1 seventh ’ ’.
It is clear, that by the first sentence of section ‘ ‘ seventh ? ’, 1 ‘ I give and devise all of my real estate to my daughter-in-law, eleanor isabelle brower”, said Eleanor Isabelle Brower was granted a fee simple absolute. What then, is the effect on the devise of the subsequent words, “ None of my real estate may be sold by said eleanor isabelle brower without the express written consent of jane eleanor (brower) gustaeson, shirley ANNE (brower) SMITH and ELIZABETH MILLS BROWER ”,
In some of the cases which treat the question of restraints on alienation of real property, language has been used to the effect, that the granting of a fee simple absolute cannot be reduced by subsequent words which are ambiguous, uncertain, unclear or indefinite. Although this is a correct statement of law where applicable, the court is of the opinion that in many instances, the rule was unnecessarily and inaccurately applied to the language construed. Frequently, in said cases, the subsequent words were neither vague nor ambiguous, but as clear and definite as the subsequent words used in the section of the will now before this tribunal. There is certainly nothing ambiguous and nothing indefinite about the phrase “ None of my real estate may be sold by said eleanor isabelle broaver without the express written consent of jane eleanor (brower) GUSTAFSON, SHIRLEY ANNE (BROWER) SMITH and ELIZABETH MILLS brower.” Such words clearly evince an intent on the part of the grantor that the recipient of the gift be circumscribed in the sale of said premises. However, the restriction is nonetheless invalid and of no effect, not because of any aura of vagueness or ambiguity surrounding the words, but rather on the theory that once a fee simple absolute is granted, a condition that the grantee may not alienate the land or alienate it only with the consent of others, is void, since the fee simple and such a restriction are inconsistent and cannot in their nature coexist (Hacker v. Hacker, 153 App. Div. 270; Matter of Tallman, 131 Misc. 863; Staff an v. Steffan, 135 Misc. 568).
Therefore, the court holds that the rule should be stated as follows:
1. A fee simple absolute cannot be reduced by subsequent Avords which are ambiguous, vague, unclear or indefinite.
2. Where a fee simple is granted, a condition which restrains the alienation of land by a grantee, or devisee, is invalid, against *484 public policy, and of no effect, since a fee simple absolute estate and such a restraint are inconsistent and cannot, in their nature, coexist.
In every case brought to the attention of the court, where a person other than a surviving spouse of the testator is the recipient of a devise or a bequest, it has been held that a condition annexed to such a testamentary gift which imposes a general restraint on the marriage of the beneficiary is void (Matter of Liberman, 279 N. Y. 458, gift to a son; Matter of Dettmer, 176 Misc. 512, affd. 262 App. Div. 1032, affd. 289 N. Y. 597, gift to a friend; Matter of Catlin, 97 Misc. 223, gift to a nephew); there is no reported case on this question involving a daughter-in-law. However, such a case involving a daughter-in-law was passed upon by Surrogate Collins and reported in the New York Law Journal (Matter of Morris, N. Y. L. J., March 31, 1953, p. 1065, col. 7). In that case, the learned Surrogate held that the condition against remarriage attached to the bequest to said daughter-in-law, was invalid as a general restraint against marriage.
The learned Judges in such cases have stated that such a general condition is against public policy since it is calculated to induce the beneficiary to live a life of celibacy or adultery. In contradistinction, the courts have also uniformly held that a gift given to such a person until his or her marriage, or remarriage, is valid, since such a gift is usually deemed to be for the support or maintenance of the donee while unmarried (Irwin v. Irwin, 179 App. Div. 871; Matter of Gimbel, 180 Misc. 302; Matter of Horton, 160 Misc. 64). Thus a testamentary bequest or devise followed by such words, ‘ ‘ so long as my daughter-in-law remains unmarried “ until my son marries ’ ’, and other such similar phrases have invariably been held valid since such terms are deemed to be limitations designating marriage as the extent of the bequest, or devise, rather than a condition calculated to discourage marriage.
It is this court’s opinion that the distinction made in prior decisions between a so-called limitation designating marriage as the extent of the bequest or devise and a general restraint against marriage or remarriage is more apparent than real. A bequest or devise to a beneficiary until his betrothal could in fact be as much of an inducement for said beneficiary to live a life of celibacy or adultery as a testamentary gift which has a general prohibition against marriage annexed thereto. It would seem that the more important factors which would tend to induce a person to live in either of the incongruous nonmatrimonial states afore-mentioned, would be the size of the gift and *485 the moral fibre of the donee, rather than the language used by the draftsman of the will.
However, the court is bound by the distinction that has been made in prior cases. In the case at bar as was said hereinbefore, an absolute gift was granted under the first sentence of section 1 ‘ seventh ’ ’ of the will. The phrase in the second paragraph of said section “ should said Eleanor Brower re-marry * * * said property shall be divided equally among the persons designated in paragraph ‘ sixth ’ of this will ”, are words of condition and not of limitation, and being general in nature, are invalid (Matter of Catlin, 97 Misc. 223, supra).
Since the court has determined that the restraint on the sale of the real property and the gift over in the event of the remarriage of Isabelle Brower are berth void, it follows that she takes the real property absolutely and the void provisions are of no effect (Matter of Tallman, Matter of Liberman, Matter of Catlin, supra). Furthermore, since the daughter-in-law takes such property outright, the question as to whether the testatrix had in mind the persons mentioned in section “ seventh ” of the will, rather than those in section l sixth ”, becomes academic and moot, and need not be passed upon by the court (Matter of Willis, 6 Misc 2d 218).
The special guardian’s fee is fixed in the sum of $1,500. Proceed accordingly.