HERD  v.  CATRON.

(*Knoxville.*     November  13,  1896.)

WILLS.    *Devise in restraint of marriage.*

A condition annexed to a devise to a widow, that defeats her
estate, and gives the land to another if she shall marry again,
is valid.

Cases cited: Hawkins *v.* Skeggs, 10 Hum., 31; Hughes *v.* Boyd,
2 Sneed, 512; Duncan *v.* Phillips, 3 Head, 417.

FROM  HAWKINS.

Appeal from Chancery Court of Hawkins County.
H.  G.  KYLE,  Ch.

W.  P.  and  W.  H.  GILLENWATERS  for  Herd.

COLEMAN  &  GREEN  and  J.  W.  CALDWELL  for
Catron.

SNODGRASS, Ch. J.    The  bill  in  this  case  was
filed in the Chancery Court of Hawkins County by
Maria  Herd,  the  daughter  of  Jacob  Brotherton,
whose husband joined with her, to ask a construc-
tion of the will of Jacob Brotherton, the father of
Mrs. Herd, who  died  in  Hancock  County  in  the

year 1888, leaving a will in which, among other provisions, was the following:

"I will and bequeath, at the death of my wife and Minerva, her sister, all of my Tennessee and Virginia land shall fall to my two daughters, Maria Catron and Minerva Brotherton, and be divided equally, according to quality, and also all my money that may be on hand. If Maria Catron marry again, her part of the land shall go to her son, Noiel Catron, and she shall have no control of the land."

At the time this will took effect, Maria Catron was a widow, and mother of Noiel Catron; she was so at the time the will was made, and was then about twenty-three years of age. Afterwards she married the complainant, H. P. Herd, and she and her husband filed this bill against Noiel Catron, the son, to have the will construed, and this condition of the will that her interest in the estate should cease upon her marriage, held void as in general restraint of marriage, and to have her title to the land declared absolute. Proper defense was made by guardian *ad litem* for the minor. The case was heard and the Chancellor decreed that this condition was void, that Mrs. Catron (now Mrs. Herd), took the absolute estate. The defendant appealed and assigned errors. The case was heard by the Court of Chancery Appeals, which held that the Chancellor's decree was erroneous. Complainants appeal and assign errors here.

The only question involved is, therefore, whether this condition, which was in restraint of a second marriage, is void or valid. No question has been the subject of more controversy and contrariety of judicial opinion than that of provisions like this, whether they be limitations or conditions in restraint of marriage. It serves no useful purpose to discuss the different questions which have arisen in this connection. It is laid down as a general proposition by all of the authorities that conditions in general restraint of marriage are void, but, like all other general propositions, this must be understood in reference to its application and to its exceptions. It is only literally true when considered without respect to either.

One of the exceptions recognized by the general current of authority, and by the almost universal concurrence of modern judicial opinions, is that such a condition in restraint of marriage does not extend to the case of a second marriage. The principle itself was borrowed from the civil law, in which widows, as observed by Lord Thurlow in the principal case on that subject, were excepted from the Novels. *Barton* v. *Barton*, 2 Vern., 308. And this exception has been continued throughout modern English and American authorities.

Further on this question, Mr. Beach, in his work on the Law of Wills, Sec. 234, says: "The present state of the law as regards conditions in restraint of the second marriage of a woman is this: that

they are exceptions to the general rule that conditions in restraint of marriage are void, and the annunciation of that law has been gradual. In the first instance it was confined to the case of the testator being the husband of the widow; in the next place it was extended to the case of a son making a will in favor of his mother; then came the case of *Newton* v. *Marsden*, 2 Johns. & H. (decided in 1862), in which it was held the general exception, by whomsoever the bequest may have been made. *Allen* v. *Jackson*, 1 Ch. Div., 300."

The whole subject will be found discussed by Mr. Beach in Secs. 233–237; and in Schouler on Wills, Sec. 603; Story's Eq. Jur., Secs. 276–291; Pritchard on Wills and Admin., Secs. 155–160; and in the case of *Scott* v. *Tyler*, Leading Cases in Eq., Vol. II., pp. 429–512, and notes.

The leading Tennessee cases on the general subject are *Hawkins* v. *Skeggs*, 10 Hum., 31; *Hughes* v. *Boyd*, 2 Sneed, 512; *Duncan* v. *Phillips*, 3 Head, 417. They are not in antagonism to the exception now discussed, and rather lean to the validity of conditions in restraint of marriage generally of the widow, and to the power of the testator to terminate the enjoyment of any estate devised, whether these provisions be in the form of limitations or conditions. It is not material to the determination of this question to say how far they go in that direction; it is sufficient that they do not affect the enforcement of the exception already suggested,

Herd *v.* Catron.

whether it be a limitation, or, as it was in this case, a condition, and a condition subsequent.

It results that the conclusion reached by the Court of Chancery Appeals was the correct one, and the decree of that Court is affirmed.