CELESTIA J. SHAW, Appellant, v. WARREN W. SHAW *et al.*

Wills: CONSTRUCTION: *Conditional devise to widow.* Where a testator devised and bequeathed the residue of his estate to his wife, to have and to hold so long as she remained his widow, then two-thirds of what was left to go to the testator's heirs, to be equally divided, the wife did not take the fee in the estate, but only an estate subject to her subsequent marriage, and with limitation on her remarriage that he should then take one-third of the estate or homestead, as she might elect.

*Appeal from Mahaska District Court.*—HON. W. G. CLEMENTS, Judge.

FRIDAY, DECEMBER 20, 1901.

ACTION for interpretation of a will, brought by the widow of the testator, who is executrix and devisee and legatee thereunder. Decree was rendered against the claim of the plaintiff, and she appeals.—*Affirmed.*

*Bolton, McCoy & Bolton* for appellant.

*James A. Rice* for appellees.

GIVEN, C. J.—The will provides as follows: "First. All my just debts and funeral expenses shall be first fully paid. Second. I give, devise, and bequeath all the rest, residue, and remainder of my estate, both real and personal, to my beloved wife, Celestia Jane Shaw, to have and to hold to her, my said wife, so long as she remain my widow; then two-thirds of what is left to go to my heirs, to be equally

divided.   Third.   Except five dollars to go to each of my
heirs, also enough to make the rest equal to the two oldest;
this is to be paid as they become of age." Plain-
tiff prays "that the said will be construed and that
it be construed that by the terms of said will
the fee simple title of all of the real estate and personal
property left by Wm. Shaw is hers." The lower court
"finds and construes the will to mean that the widow,
Celestia Shaw, does not take fee simple title in the lands
or personal property of the estate of the late William Shaw,
but only takes the estate subject to her marriage, and with
limitations of her marriage, and construes the will further
to mean that, in the event the said Celestia Shaw marries,
she then takes one-third of said estate or homestead, as she
may elect." The court construed the will so that this clause
in the will provides that, in the event she marries, then at
her death her heirs shall receive as further provided in
said will; construing this clause to mean limitations upon
her title, and giving her a life estate and her homestead
rights and dower interest. A number of commentaries and
cases from other states are cited, but we regard the question
as settled by our own decisions, and therefore do not refer
to them. It is the intention of the testator that we are to
ascertain and give effect to. Appellant cites *In re Burbank's
Will,* 69 Iowa, 378, in which the will gave to the widow
"the entire control and use of my property of every nature
during her life, after paying any debts I may owe, to be
by her controlled, used, and disposed of as she may think
best, as fully as I could do the same were I living." It was
held that the will conferred absolute ownership upon the
widow, and that subsequent bequests made in the same in-
strument were void because repugnant to the absolute gift.
This will conferred absolute power to dispose of the prop-
erty, and carried with it absolute ownership, but in this
case no such power is conferred. It is simply to have and
to hold so long as she remains his widow. In *Bills v. Bills,*

80 Iowa, 270, also cited, the first paragraph of the will bequeaths to the wife "all of my real and personal property situated in Jones county, Iowa, except as hereinafter specified." Thereafter certain lands and personal property are bequeathed and devised, and the next clause provides that all the real and personal property bequeathed to the wife, "remaining at her decease I devise to, be divided in five equal shares,"—a share to each of the five persons named. This request to the widow was absolute and without limitation or qualification, and it was held that it must stand, and the fifth clause be regarded as presenting precatory language. In this case the bequest and devise is that she is to have and to hold, not with power of disposition, nor absolutely and without limitation, but "so long as she remains my widow." In *Law v. Douglass*, 107 Iowa, 606, the power to sell was given to the wife, and it was held that the limitations were repugnant to the gift to the wife; but, as already said, no power of disposition is given to plaintiff, but simply power "to have and to hold to her, my said wife, so long as she remains my widow." In *Stivers v. Gardner*, 88 Iowa, 307, certain real estate was bequeathed in general to the husband, followed with the provision that on the death of the husband the land should go to the testator's son, burdened with a payment to be made by the son. It also gave all the personal property to the son and daughter, with provision that the husband should have it during his life, "to control, manage, and use as his own." The will concluded as follows: "But, if my said husband should get married after my death, in that event all of my said property, both real and personal, to revert to my said son and daughter." We held that the husband's interest terminated with his marriage.

We think the conclusions of the district court were correct, and the judgment is therefore AFFIRMED.