(No. 13564.—Reversed and remanded.)
EDNA M. GLASS *et al.* Plaintiffs in Error, *vs.* A. L. JOHN-
SON *et al.* Defendants in Error.

*Opinion filed February 15, 1921—Rehearing denied April 14, 1921.*

1. WILLS—*testator may impose total restraint upon marriage of widow as condition of devise.* The rule that a testator may not impose a total restraint upon marriage as a condition of a devise does not apply to a devise to his wife, and in such case the condition of forfeiture in case of subsequent marriage may be lawfully imposed.

2. SAME—*estate in fee may be subject to termination on happening of condition.* An estate in fee subject to a condition that it shall terminate upon the happening of some future event is a fee because it will last forever if the event does not happen, but it is a conditional fee because it is subject to be cut short by the happening of the event.

3. SAME—*devise of a fee may be cut down by other provisions wherever the intention is manifested.* Where a fee is devised by a clause in a will and language employed in another part of the will clearly indicates an intention to limit or qualify the estate devised such intention will be given effect, and it is immaterial in what part of the will the intention is manifested.

4. SAME—*later of two repugnant clauses will prevail.* Where a later clause in a will is repugnant to a former provision, the later clause, being the last expression of the testator's intention, must prevail and must be considered as intended to abrogate or modify the former.

5. SAME—*provision for forfeiture of devise to wife in case of re-marriage is valid although there is no devise over.* A devise of an estate in fee to the testator's wife with a subsequent clause providing that in case of her re-marriage she shall take only such estate as the law gives a widow is a good devise of a conditional fee, although there is no specific disposition of the estate upon the happening of the condition.

6. SAME—*power of sale given with estate in fee does not affect subsequent provision for termination of the estate.* The fact that a power of sale is expressly given with the devise of an estate in fee to the testator's wife does not affect the validity or the operation of a subsequent provision for forfeiture of the estate upon the re-marriage of the devisee, and any conveyance by the widow will be subject to the condition. (*Wolfer* v. *Hemmer,* 144 Ill. 554, and *Williams* v. *Elliott,* 246 id. 548, distinguished.)

7. SAME—*when power of sale is presumed to be for benefit of estate.* Where the same sentence appointing the testator's widow executrix gives her power to convey real estate and make deeds, without any direction as to the disposition of the proceeds, it will be presumed that the power was not intended to be exercised for the benefit of the widow but for the benefit of the estate, to enable the exccutrix to make deeds without getting authority from the court.

WRIT OF ERROR to the Circuit Court of Whiteside county; the Hon. FRANK D. RAMSAY, Judge, presiding.

HARRY H. WAITE, guardian *ad litem,* for plaintiffs in error.

MCCALMONT & RAMSAY, for defendants in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

Benjamin Glass died on June 16, 1913, leaving Emma Glass, his widow, and seven children, his heirs, two of whom are minors. His will disposed of his property as follows:

"*First*—I give and devise all my real estate, to-wit, my home in Prophetstown and my farm lands in Prophetstown township, to my wife, Emma Glass, she to have the right to convey, sell or dispose of it or mortgage it, or any part of it, as she may desire.

"*Second*—I give and bequeath to my said wife all of my personal property, of whatever nature and kind it may be.

"*Third*—In case, however, my said wife should marry again after my death then the above provisions relating to her shall be null and void, and she shall only have of my estate, both real and personal, so much as the law of this State shall give her as my widow.

"*Fourth*—And lastly, I hereby nominate my said wife, Emma Glass, to be the executrix of this my last will and testament, and I hereby give her power to convey real estate, meaning that she shall have the power to sell any or all of my real estate and make deeds to purchaser."

The testator owned 240 acres of land in Whiteside county, which his widow sold and on March 1, 1920, conveyed by warranty deed to George Aylsworth and A. L. Johnson. They had entered into a written agreement to sell to George Oetzel 80 acres of the land and convey it to him by warranty deed. When the abstract was presented the purchaser objected to the title on the ground that Emma Glass, the vendors' grantor, was not the owner of the fee and declined to accept the title and pay for the land. Thereupon Johnson and Aylsworth filed a bill for the construction of the will of Benjamin Glass and the specific performance of the contract, making all the heirs of the testator parties defendant. A guardian *ad litem* was appointed for the minor heirs and answered. Oetzel demurred to the bill, his demurrer was overruled, and upon a hearing the court entered a decree construing the will to mean that by the first clause Emma Glass was given all of the real estate in fee simple, together with the power of sale thereof, and that the third clause of the will is inconsistent with the first and fourth clauses and is null and void. The infant defendants, by their guardian *ad litem,* sued out a writ of error to review this decree.

The question is whether Emma Glass took a title in fee simple by the will or only a conditional fee. The first clause of the will was sufficient, under section 13 of the act concerning conveyances, to vest the fee simple in Emma Glass, and will have that effect unless an intention to devise a less estate is found in the express words of the will or appears by construction or operation of law. The express words of the third clause· clearly and unequivocally indicate the testator's intention to limit the estate in fee simple by making it subject to the condition that it shall terminate if the devisee shall marry again after the testator's death, and in such event she shall only have so much of the testator's estate as the law would give her as his widow. This condition, though in total restraint of mar-

riage, is valid. There is an exception to ·the rule that a testator may not impose a total restraint upon marriage as a condition of a devise in the case of a husband making a devise to his wife. He may rightfully impose the condition of forfeiture upon her subsequent marriage. (*Shackelford* v. *Hall,* 19 Ill. 2'12; *Cummings* v. *Lohr,* 246 id. 577.) An estate in fee may be granted subject to a condition that it shall terminate upon the happening of some future event. Such an estate is a fee because it will last forever if the event does not happen, but it is a conditional fee because it is subject to be cut short by the happening of the event. (*Williams* v. *Elliott,* 246 Ill. 548; *Gannon* v. *Peterson,* 193 id. 372; *Strain* v. *Sweeny,* 163 id. 603.) When a fee is devised by a clause in a will and language employed in another part of the will clearly indicates an intention to limit or qualify the estate devised such intention will be given effect. (*Meins* v. *Meins,* 288 Ill. 463.) ·Where a later clause in a will is repugnant to a former provision, the later ·clause, being the last expression of the testator's intention, must prevail and must be considered as intended to abrogate or modify the former. (*Hamlin* v. *United States Express Co.* 107 Ill. 443; *Harris* v. *Ferguy,* 207 id. 534.) The intention of the testator, however, is to be ascertained from a consideration of the whole will, and if it was intended that the estate should be less than a fee simple it is wholly immaterial in what part of the will such intention is manifested. (*Giles* v. *Anslow,* 128 Ill. 187; *Meins* v. *Meins, supra.*) The language of the clause creating the limitation must be as clear as that of the first clause creating the estate, and if it shows clearly an intention to impose a limitation upon the estate, that intention will be given effect. (*Wiltfang* v. *Dirksen,* 295 Ill. 362.) The effect of the first and third clauses of the will, taken together, is to confer the fee on the devisee provided she shall not marry again, but if she does so, to reduce the fee to such estate as the law gives to the widow.

*Becker* v. *Becker,* 206 Ill. 53, was a case very similar to the present. In the first clause of his will the testator devised certain real estate and personal property to his wife, without any limitation. By the second clause he made several pecuniary bequests. In the third he directed that if his wife should marry again his estate should be divided equally among his two brothers and his wife. The court held that the first clause of the will, alone, was sufficient to invest the widow with an estate in fee simple, but that this clause must be construed with the final clause of the will and the estate devised determined from a consideration of both clauses, and it was held that she took a fee simple, determinable as to two-thirds of the estate by her re-marriage. In that case there was a devise over in case the widow should marry again while here there is none, but the former devise is declared null and void if the widow shall marry again. The want of a devise over makes no difference, and the condition is just as effectual and fatal as if the will itself made a specific disposition of the estate upon the happening of the condition. *Shackelford* v. *Hall, supra.*

The defendants in error insist that the power of sale given by the will is inconsistent with the condition in clause 3. So far as they are inconsistent clause 3 controls and limits the power of sale. The estate given by clause 1 is a fee simple. The power granted by that clause is only such power as belongs to the owner of the fee. The subsequent clause, which limits the estate granted, also limits the power of absolute disposition, which is the incident of the estate to the estate actually granted. (*Wiltfang* v. *Dirksen, supra.*) The devisee has the complete power of disposition of the estate devised to her, but her grantee will take it subject to the condition of being reduced to a life estate in one-third of the land upon her marriage.

The power of sale contained in the fourth clause of the will did not enlarge the estate devised by the first and third

clauses. Its purpose was to enable the widow, as executrix, to sell and convey the real estate, if it should be necessary in the administration of the estate, without the necessity of applying to the county court for authority to do so, and not to enable her to defeat the limitation which was imposed upon her estate in case of her marriage. The deed of Mrs. Glass was not an execution of this power, because it was not made with the intention of executing the power or for the benefit of the estate. The will does not state the object for which the power was created, but since the widow was named as executrix and in the same sentence the power of sale was conferred on her but no direction was given as to the use or disposition of the proceeds of the sale, it must be presumed that the power was intended to be exercised for the benefit of the estate and not of the executrix. (*Sweeney* v. *Warren,* 127 N. Y. 426.) The deed of Mrs. Glass was not made until nearly seven years after the death of the testator and the probate of his will and six years after the final settlement of his estate and her discharge as executrix. It is not claimed that there was any deficiency of personal assets for the payment of debts or any necessity to sell real estate for the purpose of administering the estate. In fact, counsel for defendants in error have not argued that Mrs. Glass' deed was an exercise of the power of sale given to the executrix, and it is manifest that it was not. Their claim has been that the will devised the land to her in fee, and that claim cannot be sustained.

The cases of *Wolfer* v. *Hemmer,* 144 Ill. 554, and *Williams* v. *Elliott, supra,* which are relied upon by the defendants in error, are not applicable. In the latter case a devise in fee simple was followed by a devise over at the first taker's death if she died without issue and without having disposed of the estate. This executory devise was only of such part as the first devisee had not disposed of, and it was held that an executory devise cannot be created if the first devisee can, by virtue of his ownership, alienate

the estate in fee simple.   The other case cited announced the same rule.   Since the estate devised in this case was not a fee simple and the devisee could not convey the fee these cases are not relevant.

The decree will be reversed and the cause remanded, with directions to enter a decree dismissing the bill as to George Oetzel and construing the will of Benjamin Glass as giving to Emma Glass the lands mentioned in it in fee, subject to the condition that if she marry again her estate shall be reduced to such estate as the law on June 16, 1913, would have given her as the testator's widow.

*Reversed and remanded, with directions.*