BY THE

ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

MARCH TERM, 1923.

M. R. LEWIS et al., Appellants, v. EDITH JOHNSON, Respondent.

St. Louis Court of Appeals. Opinion Filed April 3, 1923.

CONTRACTS: Contracts in Restraint of Marriage: Heirs Assigning Interest in Estate to Widow during Widowhood: Action Maintainable for Breach. Where a husband died intestate, leaving surviving him as his heirs at law, parents, brothers and sisters, and his widow, and the heirs assigned to the widow their one-half of the estate, which one-half belonged to them, in order that the widow might have the benefit thereof only during her widowhood, upon her agreement to reimburse them if she should remarry, held that the widow's contract is not within the rule denouncing contracts in restraint of marriage generally, and that an action could be maintained by the heirs against the widow for breach thereof.

Appeal from the Circuit Court of Washington County.—
*Hon. E. M. Dearing,* Judge.

REVERSED AND REMANDED.

*Chas. H. Richeson,* and *James Booth,* for appellant.

The contract pleaded in the petition was not one in restraint of marriage as held by the trial court. It was a valid and binding contract and its breach afforded plaintiffs a cause of action against defendant for that

breach. It is a well-settled rule of law at the present time that the doctrine of invalidating contracts on account of being in restraint of marriage applies to first marriages only. The contract evidenced by the petition was not one in restraint of marriage, but was a provision for the defendant during her widowhood; but if it had been in restraint of marriage, it could only have restrained a second marriage of defendant and therefore was not within the rule. Deposit Company v. Armstrong, 70 N. J. Eq. 572; Harlow v. Bailey, 189 Mass. 208; Wright v. Mayer, 62 N. Y. 210; In re Bruchs Estate, 185 Penn. St. 194; Herd v. Catron, 37 L. R. A. 731; Overton v. Lea, 108 Tenn. 505; Claud v. Calhoun, 10 Rich. Eq. 358; In re Appleby, 100 Minn. 408, 10 L. R. A. 590; Jones v. Jones, L. R. 1, 2 B. Div. 279; Allen v. Jackson, L. R. 1, Ch. Div. 399; Witherspoon v. Brokaw, 85 Mo. App. 169; Wise v. Crandall, 215 S. W. 245; 10 Anno. Cases, 563; Quirk v. Bank, 244 Fed. 682; Jones v. Jones, 1 Col. App. 28; Waite v. Morill, 4 Me. 102; Arthur v. Cole, 56 Md. 100; Schafer v. Senseman, 125 Pa. St. 310; 13 Cor. Jur., page 462, sec. 404.

*Munger & Munger* and *E. C. Edgar* for respondent.

The petition does not state facts sufficient to constitute a cause of action; it alleges that plaintiffs and defendant entered into a contract whereby defendant bound and obligated herself to return to plaintiff a stipulated sum of money which was all of a gift to defendant from plaintiff in the event she, defendant, should ever re-marry. Such an agreement is against public policy, and is void under the laws of this State, and is a contract in restraint of marriage generally, and the courts in the following cases have held such contracts are void. Knost v. Knost, 229 Mo. 170; Williams v. Cowden, 13 Mo. 150; Dumey v. Schoefler, 24 Mo. 170, 13 C. J. 330; Walsh v. Mathews, 11 Mo. 91; Baker v. White, 2 Vern. 215; Grace v. Webb, 15 Sim. 384; Sterl-

ing v. Simick, 5 N. J. L. 871; McConahey v. Griffey, 82 Iowa, 564.

ALLEN, P. J.—The petition herein charges that the plaintiffs are the father, mother, brothers and sisters of Charles W. Lewis, deceased, who died intestate in Washington County, Missouri, in 1918, leaving surviving him as his heirs at law these plaintiffs and the defendant, Edith Johnson, his widow; that at the time of his death said Charles W. Lewis was the owner of certain personal property of which, after the payment of debts and costs of administration, plaintiffs were entitled to one-half and the defendant one-half; that in 1919 plaintiffs assigned their interest in said property to defendant in consideration of defendant's promise and agreement that if she should remarry she would pay to plaintiffs a sum equal to one-half of the personal estate of Charles W. Lewis; and that in the event of defendant's death plaintiffs would be paid out of her estate a like some. It is alleged that the real object and purpose of plaintiffs and defendants in entering into such contract was to provide for defendant during her widowhood only. It is further alleged that defendant was appointed administratrix of said estate, duly administered thereon, and was finally discharged by the Probate Court of Washington County, and that upon her final settlement as such administratrix there was a balance on hand, after payment of all debts, allowances, and expenses of administration, the sum of $3245.61; that by virtue of said assignments and contract defendant received for her own use and benefit the entire balance of the estate thus on hand and was discharged as such administratrix. And it is averred that in 1920 defendant married one G. A. Johnson, whose wife she now is; and that she has breached her said contract with plaintiffs in that on her remarriage she did not pay plaintiffs a sum equal to one-half of said estate or any other sum, but has failed and refused and still fails and refuses to pay to plaintiffs the same or any part

thereof. Judgment is prayed for one-half of the amount alleged to have been received by defendant from said estate on final settlement, to-wit, $1622.80.

To this petition defendant demurred generally. The trial court sustained the demurrer, and plaintiffs declining to plead further, final judgment was rendered for defendant on the demurrer, and the plaintiffs have appealed to this court.

It appears that the trial court sustained the demurrer on the theory that the contract alleged in the petition, whereby defendant, it is alleged, in consideration of the said assignment to her, agreed to pay to plaintiffs one-half of the value of the personalty remaining on hand in said estate at the time of final settlement in the event that defendant should remarry, is void as being in restraint of marriage. And this is the only question discussed in the briefs.

It is the contention of appellants that the contract declared upon in the petition is not one in restraint of marriage, but one making provision for the defendant to be limited to the period of her widowhood; and that if it be regarded as one in restraint of marriage, it merely operates as a restraint upon a second marriage and hence is not within the rule invoked by the defendant.

Much of the argument here has to do with cases involving restraint of marriage in connection with gifts by will. It is conceded by defendant that out courts have uniformly held that a husband may by will make provision for the support of his wife to continue during widowhood only, and to terminate upon her re-marriage; but it is contended that this is the only exception to the rule that a condition in general restraint of marriage is against public policy and void. And in support of this view defendant points to the language of LAMM, J., in Knost v. Knost, 229 Mo. 170, 129 S. W. 665, where, in considering a provision of a will in total restraint of marriage, cutting down a devise and bequest to a daughter in the event she should ever marry, the learned author of the opinion said: ''There is only one

main qualification to the rule against total restraint of marriage and that is an exception touching widows. (See the excerpt from Montesquieu's Spirit of Laws, supra). It seems settled law that men have a sort of mournful property right, so to speak, in the *viduity* of their wives and that a grant or devise to them may be defeated by the violation of a condition subsequent providing for the grant or devise becoming inoperative or reverting in case of remarriage." But as that case did not involve a restraint of a second marriage, the language quoted did not pertain to a matter there in judgment and should not be taken as deciding that the general rule against total restraint of marriage applies to second marriages except where a husband makes provision for his widow and annexes a condition that she do not remarry.

In the recent case of Wise et al. v. Crandall, 215 S. W. 245, the Supreme Court had before it a case involving a devise and bequest to the testator's daughter who had been once married and divorced, but which was to be cut down if she should again marry. It was held that the condition annexed thereto was valid. Referring to Knost v. Knost, supra, it was said: "The law as written in that case and applicable to its facts is the law of this State. It is, however, only justice to the court that remarks made in deciding a case before it should not be stretched to the point of breaking to cover sweeping issues entirely outside its contemplation." And the court further said: "We now say sometimes, as in the Missouri case we have cited, that a man has such an interest in the viduity of one who may become his widow that in making testamentary provision for her he may encumber it with the condition that she shall not remarry, and this doctrine has grown in its application so as to include all widows." [Citing and quoting from Dumay v. Schoeffler, 24 Mo. 172.]

While the general rule is that a condition in total restraint of marriage is void, the authorities generally hold that the rule does not apply to second marriages.

In Allen v. Jackson, L. R. 1 Ch. Div. 399, a testator gave the income of certain property to her neice and the latter's husband during their joint lives and then to the survivor during life, with the provision that if the husband survived his wife and remarried the property should go over. It was held that the provision was valid and that the gift over took effect. The court said:

"It seems to have been laid down by a great number of cases that what is called a general restraint upon marriage is against the policy of the law. That, of course, can be the only principle which can be the foundation of any rule at all upon the subject. The general restraint of marriage, for some reason or other, probably a good reason, is to be discouraged, and a condition subsequently annexed by way of forfeiture to a marriage is therefore void. That is the law both as to man and woman. But it has been most distinctly settled that, with regard to the second marriage of a woman, that law does not apply; that, whether the gift be a gift to a widow by her husband or a gift to the widow by some other person, the law does not apply to that case; and that such a condition is perfectly valid."

In Herd v. Catron, 97 Tenn. 662, 37 L. R. A. 731, involving a condition in restraint of remarriage of the testator's daughter, the court said: "It is laid down as a general proposition by all of the authorities that conditions in general restraint of marriage are void; but, like all other general propositions, this must be understood in reference to its application and to its exceptions. It is only literally true when considered without respect to either. One of the exceptions recognized by the general current of authority, and by the almost universal concurrence of modern judicial opinions, is that such a condition in restraint of marriage does not extend to the case of a second marriage. The principle itself was borrowed from the civil law, in which widows, as observed by Lord Thurlow in the principal case on that subject, were excepted from the Novels (Barton v. Barton, 2 Vern. 308); and this exception has been continued

throughout modern English and American authorities. Further, on this question, Mr. Beach, in his work on the Law of Wills (sec. 234), says: 'The present state of the law as regards conditions in restraint of the second marriage of a woman is this: That they are exceptions to the general rule that conditions in restraint of marriage are void, and the annunciation of that law has been gradual. In the first instance, it was confined to the case of the testator being the husband of the widow. In the next place it was extended to the case of a son making a will in favor of his mother. Then came the case of Newton v. Marsden, 2 Johns. & H. 356, decided in 1862, in which it was held to be a general exception, by whomsoever the bequest may have been made. [Allen v. Jackson, L. R. 1 Ch. Div. 399.]' The whole subject will be found discussed by Mr. Beach, in secs. 233-237; In Schouler, Wills, sec. 603; Story, Eq. Jur. secs. 276-291; in Pritchard, Wills, secs. 155-160; and in the case of Scott v. Tyler, 2 White & T. Lead. Cas. in Eq. 429-512, and note."

While contracts in restraint of marriage are not necessarily governed by the rules relating to restraints which are combined with gifts by will or settlement, the courts have held contracts in general restraint of marriage to be void on grounds of public policy. [See, Lowe v. Doremus, 84 N. J. L. 658, 49 L. R. A. (N. S.) 632; 6 R. C. L. 768, 769, sec. 174.] But it has been held that this general rule has no application to second marriages; that the reason for the rule as to a first marriage has no substantial force when applied to a second marriage. [See, Appleby v. Appleby, 100 Minn. 408, 10 L. R. A. (N. S.) 590, 117 Am. St. Rep. 709; 6 R. C. L. 769, sec. 174; 13 Corpus Juris, 463, sec. 404.] It is said, however, that there seems to be a tendency to limit the operation of the general rule to such restraints as are unreasonable, having regard to the relation of the parties and the object of the contract. [See Note to Lowe v. Doremus, supra, in 49 L. R. A. (N. S.) 633; 6 R. C. L. 769.] And it may be that, applying the test of reason-

ableness, the fact that a contract relates to a second marriage will not necessarily require that it be held reasonable (see 6 R. C. L. 769).; though this we do not decide.

In the instant case the contract sued upon, in so far as it may be said to operate in restraint of marriage, not only affects a second marriage, but, in the light of the averments of the petition, appears to be entirely reasonable. According to the petition, the plaintiffs assigned to defendant one-half of the above-mentioned estate, which one-half under the law belonged to plaintiffs, in order that defendant might have the benefit thereof during her widowhood, but upon her agreement to reimburse them if she should remarry—in which event she would have a husband to whom she could look for support. We think that the defendant's contract, as shown by the petition, is clearly not within the rule denouncing contracts in restraint of marriage generally; and, assuming the truth of the averments of the petition, we perceive no valid reason why an action may not be maintained for the breach thereof.

It follows that the judgment should be reversed and the cause remanded for further proceedings consistent with this opinion. It is so ordered. *Becker* and *Daues, JJ.,* concur.