JENNIE ANDERSON, Appellant, v. OSCAR M. CRAWFORD et al., Appellees.

WILLS: Construction—Conditions and Restrictions—Restraint of Marriage. That part of a devise to testator's widowed daughter-in-law which provides that the property shall pass to her children *upon her remarriage* is not void because in undue restraint of marriage.

Headnote 1:   40 Cyc. p. 1703.

Headnote 1:  2 L. R. A. (N. S.) 545; 28 L. R. A. (N. S.) 1093; 49 L. R. A. (N. S.) 606, 615, 627; L. R. A. 1917A, 44; L. R. A. 1918C, 861; 45 A. L. R. 1220 (Anno); 28 R. C. L. pp. 321–327.

*Appeal from Franklin District Court.*—S. A. CLOCK, Judge.

MARCH 9, 1926.

REHEARING DENIED SEPTEMBER 21, 1926.

Application for an order for the construction of a will. The facts appear in the opinion. The court denied the relief sought, and the applicant appeals.—*Affirmed.*

*John M. Hemingway,* for appellant.

*R. L. Saley,* for appellees.

FAVILLE, J.—Alex Crawford, the testator, died on or about the 5th day of May, 1921. The will in question was executed on the 24th day of January, 1919. The testator was survived by two sons and a daughter. Prior to the execution of the said will, another son of the testator's, Loyal Crawford, had died, leaving surviving him his widow, the appellant herein, and ten children. The paragraphs of the will involved in this action are Paragraphs 3 and 5, which are as follows:

"(3) I give, devise and bequeath to Jennie Crawford, wife of my son Loyal Crawford, as long as she shall remain his widow, the following described real estate: The Northeast Quarter (NE¼) of Section No. Six (6) Township No. Ninety-two (92) Range No. Twenty (20).

"In case Jennie Crawford remarries, then the last above described real estate shall go to the children of Loyal and Jennie Crawford, share and share alike."

"(5) I hereby direct and empower my executors to sell and dispose of my home on South Iowa Street to the best advantage, in their judgment, and from the proceeds thereof and the proceeds of any other personal property or real estate that I may be possessed of at the time of my death, including any U. S.

Liberty Bonds that I may have on hand, I hereby direct that they shall pay all my debts and funeral expenses, dividing equally, share and share alike, the balance that may be left to the following named persons: Oscar M. Crawford, Alex B. Crawford, Jennie Crawford and Alta Farnham: In case of remarriage of Jennie Crawford, wife of Loyal Crawford, then her one-fourth share named in Paragraph five, shall go to the children of Loyal and Jennie Crawford, share and share alike.''

Appellant remarried in 1923.

Briefly stated, it is the contention of appellant that the provision of the will by which the devise to her passes to her children in the event of her remarriage is in restraint of marriage and contrary to public policy and void.

The question is a novel one, and has never been directly presented to this court before. It is a familiar and general rule that limitations and conditions in wills and contracts that are in restraint of marriage are regarded as against public policy and illegal. To this general rule there are many exceptions.

An exception quite universally recognized is that, if the restraint is reasonable, it is not inimical to public policy. See *McCoy v. Flynn*, 169 Iowa 622, 627. In that case we said:

''There is nothing contrary to public policy for a person having a parental interest in his offspring to restrict marriage along certain lines, as infancy, relationship, and good morals. And agreements not to marry a person under a certain age, or in a certain degree of relationship, or into a certain family, or not to marry a second time, have been held valid. *Hogan v. Curtin*, 88 N. Y. 162; *Siddons v. Cockrell*, 131 Ill. 653.''

It is not seriously contended but that in this state a testator may by will make a bequest or devise to a surviving spouse with a provision that, in the event of remarriage, the property so devised or bequeathed shall pass to another. *Staack v. Detterding*, 182 Iowa 582; *Brunk v. Brunk*, 157 Iowa 51; *Shaw v. Shaw*, 115 Iowa 193; *Stivers v. Gardner*, 88 Iowa 307; *Busby v. Busby*, 137 Iowa 57; *Archer v. Barnes*, 149 Iowa 658; *Mohn v. Mohn*, 148 Iowa 288; *Koonz v. Hempy*, 142 Iowa 337.

The question, however, in the instant case is not one where the devise is to the widow of the testator, but it is to the widow of the testator's deceased son, and the provision regarding the remarriage of the said widow is that in such event the property

so devised shall pass to her children, who are the grandchildren of the testator.

It is also to be noticed that the limitation is not a general and unqualified restraint upon the right of a woman who has never been married, to contract a marriage, but it is a limitation upon a second marriage only.

Many of the courts make a distinction between a case where there is a restraint of a second marriage and one where the party restrained has never been married. Such a condition in restraint of a second marriage is generally regarded by the courts as valid. See cases supra. *Dumey v. Schoeffler,* 24 Mo. 170 (69 Am. Dec. 422).

The question of a limitation in a will upon the remarriage of a widow who is not the spouse of the testator has been before the courts in but few instances. The earliest case on the subject seems to be that of *Newton v. Marsden,* 2 Johns. & H. Ch. 356, decided by the High Court of Chancery in 1862. In that case a devise was made to the widow of the deceased nephew of the testator. The will contained the following clause:

"And I declare that if the said Caroline Derbyshire (widow) shall marry again, then that the trusts hereinbefore contained for payment to her, during the infancy of the said [children] * * * shall thenceforth absolutely cease and be void."

The court reviewed the law on the subject of restraint of marriage, and said:

"It seems to me that the real principle in the case of a gift by a husband is that the condition is not regarded as an arbitrary prohibition of marriage altogether, but the conditional gift is considered as made to the widow because she is a widow, and because the circumstances would be entirely changed if she entered into a new relation. The very same consideration applies to this gift; and I think it would be reasonable, on a will of this kind, to hold that the case falls within the principle which governs a gift to a man's own widow. But I prefer to rest my decision on what is perhaps the safer, as well as the broader, ground: namely, that there is no authority in the common law, independently of the civil law, for saying that a condition restraining the marriage of a widow is void. * * * I see no objection on principle to the condition, bearing in mind that

the widow has always the option of marrying again and giving up the bounty.''

The English court again considered the question, in 1875, in *Allen v. Jackson*, 1 Ch. Div. 399. In that case the testatrix gave the income of certain property to her niece, who was her adopted daughter, and to her niece's husband during their joint lives, and to the survivor during his or her life, with a proviso that, if the husband survived the wife and married again, the property should go to remaindermen. The husband survived his wife, and married again. The court said:

''The general restraint of marriage, for some reason or other, probably a good reason, is to be discouraged, and a condition subsequently annexed by way of forfeiture to a marriage is, therefore, void. That is the law both as to man and woman; but it has been most distinctly settled that, with regard to the second marriage of a woman, that law does not apply,—that whether the gift be a gift to a widow by a husband or a gift to the widow by some other person, the law does not apply to that case, and that such a condition is perfectly valid.''

It was held that the provision in the will was not against public policy, and was valid.

An early case in America that passed upon this question is *Holtz's Estate*, 38 Pa. St. 422. In said case the testator provided for interest on a certain sum to be paid to his daughter-in-law ''for and during all the time she shall continue the wife or widow of my said son.'' In the event of her marriage, the bequest is given over to another beneficiary. The court said:

''Under no fair construction can this be considered a bequest upon a condition *in terrorem*.''

In *Herd v. Catron*, 97 Tenn. 662 (37 S. W. 551), the court held that a condition in a will that, if the testator's widowed daughter married again, the share of the bequest to her should go to her son, was a valid condition.

The same court, in *Overton v. Lea*, 108 Tenn. 505 (68 S. W. 250), considered a case where the testator made a bequest to his mother ''for her own use and benefit absolutely, provided that she does not marry again, but if she marries again, I give, devise, and bequeath the same from the time of her remarriage, to my cousin.'' The court reviewed the authorities, English and American, and held that the testator had the right to impose the con-

dition against the remarriage of his mother, and that the condition or limitation was a valid one.

The reasoning of the cited cases appears to be logical and convincing, and applicable to the case at bar. The testator desired to make provision for the widow of his deceased son, and, in the event of her remarriage, that the property so devised to her should pass to the children of his son. The purpose and intent of the testator are perfectly clear. The limitation is upon a widow regarding a second marriage. The substituted legatees are the grandchildren of the testator and the natural objects of his bounty. Such a limitation upon the second marriage of a daughter-in-law so situated was not, we think, *in terrorem* and against public policy. The provision of the will was clearly a limitation, and was valid as such. We do not construe it to be a devise or bequest upon condition. In its broader aspect, we regard the limitation as being, in any event, a reasonable one.

Our conclusion is that the decree of the trial court was correct, and it must be, and is, in all respects,—*Affirmed.*

DE GRAFF, C. J., and STEVENS and VERMILION, JJ., concur.