BERRY et al. v. COOLEY.

No. 29671. Dec. 3, 1940.

Rehearing Denied Feb. 11, 1941.

*109 P. 2d 1081.*

James H. Mathers, of Oklahoma City, for plaintiffs in error.

Sigler & Jackson, of Ardmore, for defendant in error.

GIBSON, J. This is an action by a mother against her minor children to quiet title to real estate. The trial court rendered judgment awarding a life estate to plaintiff and remainder in fee to defendants.

The real estate in question constituted the subject matter of a property settlement contract entered into between the plaintiff herein and her husband, the father of the defendants, in contemplation of their divorce action then pending. The present case involves the construction and interpretation of that contract, the divorce decree, and a certain deed executed by the husband pursuant thereto.

The property settlement contract provided that the purpose thereof was to settle the property rights of the parties and the question of custody of the children, the defendants herein. It was agreed that the plaintiff should have custody of said children, and that the husband should convey the land in controversy to the plaintiff in full settlement of all claims she might have against the husband including alimony and the support of the children. The contract contained the further provision concerning the land as follows:

"It is further deeded to her upon the agreement that should she hereafter marry or die that said property shall become the property of the four children hereinabove mentioned. The plaintiff stipulates by this agreement that if she hereafter marries that she will immediately convey the said property by proper deed to the four children above named and she will not make a will or convey said property or encumber said property in any manner or do any act that would prevent the four children receiving said property at her death or at the time she remarries, if she marries free of any encumbrances whatsoever except for the indebtedness that the plaintiff now owes. * * * The judgment entered herein shall enjoin the plaintiff from selling or disposing of said property in any manner and require that she keep the same free and clear of all encumbrances of any kind."

Said contract was set out in full in the divorce decree and approved by the court, and the plaintiff enjoined from encumbering or disposing of the land in any manner contrary to the agreement.

Pursuant to said contract and decree the father executed a quitclaim deed whereby he conveyed the land to plaintiff. The deed was in regular statutory form, with the exception of a provision which reads as follows:

"This deed is executed in conformity to an agreement and stipulation and decree of divorce entered on the 10th day of June, 1937, in the case of Georgia E. Berry, Plaintiff, v. Oscar Berry, Defendant, No. 22537, in the district court of Carter county, Oklahoma, and subject to the conditions therein stated."

This provision followed immediately after the description of the land.

Thereafter the plaintiff and the father of defendants appeared in the divorce case and obtained orders purporting to modify said divorce decree so as to permit plaintiff to encumber the land and to marry without jeopardizing her alleged life estate in the land.

Thereafter plaintiff encumbered the land and married. She then commenced this action against the children to quiet title, claiming that the above deed was an absolute grant conveying to her a fee-simple estate.

As stated above, the trial court's judgment gave to plaintiff a life estate, and to defendants the remainder in the land. The defendants appeal.

It is urged in behalf of defendants that the property settlement agreement, the original divorce decree, and the deed constituted the contract of conveyance. It is contended that the transaction as a whole served to vest in plaintiff a defeasible life estate, determinable upon her remarriage, and to vest in defendants a contingent remainder, or, that is to say, a remainder on conditional lim-

itation (sec. 11765, O. S. 1931, 60 Okla. Stat. Ann. § 40), which, when created, becomes a vested estate (sec. 11755, O. S. 1931, 60 Okla. Stat. Ann. § 30), and therefore not subject to divestiture by the subsequent acts of the grantor. Cowle v. Cowle, 114 Kan. 605, 220 P. 211.

Plaintiff takes the position that the quitclaim deed was an absolute grant to her of the fee-simple estate in the land, and that the conditions or limitations contained therein or adopted by reference were subordinate to the grant, and wholly inconsistent with the nature thereof and with the main intention of the parties, and must be rejected as merely repugnant (secs. 9474, 9477, O. S. 1931, 15 Okla. Stat. Ann. §§ 166, 169). In support of this contention plaintiff cites a number of decisions; among them are Stone v. Easter, 93 Okla. 68, 219 P. 653; Crookum v. Ketchum, 174 Okla. 468, 50 P. 2d 710.

The deed in the instant case refers to and clearly makes the property settlement agreement a part thereof. They are therefore to be construed together as the agreement of the parties made in contemplation of divorce, alimony and support and maintenance of their minor children. Aetna Life Ins. Co. v. Bradford, 45 Okla. 70, 145 P. 316.

In the matter of judicial construction and interpretation of deeds containing conditions or limitations upon the grant, the basic element to be kept in mind is the intended purpose of the deed as gathered from the instrument itself. Although there are many decisions to the effect that any limitation or restriction inserted in a deed which purports on its face to convey an absolute estate in fee simple is subordinate to the general intent of the grant, wholly inconsistent with the nature thereof and the main intention of the parties, and inoperative and void, the intention of the parties nevertheless prevails in all cases.

Regardless of what the common law on the subject may be, present day decisions of the character above referred to are based upon statutes such as sections 9474 and 9477, above, which provide, respectively, that "particular clauses of a contract are subordinate to its general intent," and "words in a contract which are wholly inconsistent with its nature, or with the main intention of the parties, are to be rejected."

But those decisions, such as are cited by plaintiff, are based upon deeds where the grantor by the purported restriction was not attempting to fulfill a legal duty resting upon him. The restriction in such cases was inserted merely at the whim, caprice, or personal choice of the grantor and not in the performance of a legal obligation.

Here the general intent of the contract was to provide alimony for the wife and support for the children of the parties; the nature thereof was a property settlement agreement. None of its provisions should be rejected. The parties were both attempting to make provision for the support of their minor children, which they were legally bound to do. Limitation upon the grant to the wife in favor of the children is not repugnant to such a contract of conveyance or the intention of the parties.

It is certain, therefore, that the limitations upon the grant in the instant case were not subordinate to the general intent and purpose thereof, and were not inconsistent therewith, but operated to limit the estate conveyed to plaintiff.

Plaintiff now contents herself with the life estate in the land as decreed by the trial court. She did not appeal.

But defendants say the court erred in awarding plaintiff a life estate in the face of the contingency of marriage. They assert that the provision was a valid conditional limitation, and the happening thereof served to vest in them an absolute estate in fee simple.

In opposition to the foregoing argument, plaintiff says the property settlement contract was made for the benefit of defendants as third parties, and that the original parties thereto could, and

did, alter the same before the rights of defendants attached.

Section 9409, O. S. 1931, 15 Okla. Stat. Ann. § 29, provides that a contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it.

But there are two obstacles standing in the way of this statute. First, the contract was not made expressly for the benefit of defendants as third parties. It was made primarily and expressly for the purpose of discharging a legal duty placed upon the original parties to support their minor children; second, the contract was a conveyance complete in every detail, and vested in defendants such estate as the legal provisions thereof purported to convey. Their interest had attached; and when the interest of a third party has once attached in such case, the contract may not be modified without his consent. Donaldson & Yahn v. Benight, 105 Okla. 108, 232 P. 116. The beneficiaries in this case were infants. Acceptance of the grant by them is presumed to take place contemporaneously therewith when, as in this case, the grant was made in furtherance of a legal duty or obligation. Waterman v. Morgan, 114 Ind. 237, 16 N. E. 590.

Our conclusion is supported by the case of Cowle v. Cowle, supra, wherein the Supreme Court of Kansas held that a contract between husband and wife where, in contemplation of divorce, they agreed that the fee-simple title of certain of their real property vest in their minor children, was binding on the parties.

Probably, as plaintiff says, the court in the divorce action had no power to vest the lands of the father in the children (see McMann v. McMann, 123 Okla. 26, 252 P. 1093). But in this case the claim of the children is not based on the decree, but on the contract.

The original settlement contract was binding upon the parties thereto, so far as the interest of defendants was concerned, and it could not be altered without the latter's consent. The attempted abrogation of the contingency of marriage of plaintiff, and the court's order to that end, were without consent of defendants and void.

Orders of the court in divorce cases for support of minor children are, as plaintiff says, subject to alteration by the court (sec. 671, O. S. 1931, 12 Okla. Stat. Ann. § 1277), but the statute does not apply to interests of the children that have been vested by virtue of a contract or grant of the parents.

Plaintiff says that the portion of the settlement contract which would forfeit her estate in event of her remarriage was a violation of section 9495, O. S. 1931, 15 Okla. Stat. Ann. § 220, and void as an illegal restraint of marriage. The statute says that "every contract in restraint of the marriage of any person, other than a minor, is void."

Such statutes are for obvious reasons based upon public policy; and it has been held many times that the public policy does not extend to second marriages. 13 C. J. 463. In Knost v. Knost (Mo.) 129 S. W. 665, 667, it is said that by the weight of authority a grant or devise by the husband to his wife may be defeated by the violation of a condition subsequent providing for the grant or devise becoming inoperative or reverting in case of remarriage.

Assuming, however, that our statute would forbid the strict application of this rule, we are of the opinion that the instant grant does not fall within the class of contracts commonly considered as in restraint of marriage. Contracts of this character, as we have said above, must be construed as a whole for the purpose of ascertaining the real intent of the parties. Unless the intention of the grantor is to place a restraint upon the remarriage of his wife, it cannot be said that the contract is in restraint of remarriage.

The plain purpose of the contract was to create in the wife an estate for her support during widowhood similar to an estate for widowhood created by the husband under the common law. These estates are recognized at common law,

and in some states have been sanctioned by statute and declared valid unless the instrument discloses a manifest intention to place a restraint upon the free action of the widow in respect to marriage. Logan v. Hammond (Ga.) 117 S. E. 428; Re Estate of Frank A. Fitzgerald, Deceased (Cal.) 119 P. 96, 49 L.R.A. (N. S.) 615. These statutes are clearly declaratory of the common law as obtaining in many jurisdictions. In Georgia, prior to the statute, the rule had been that a limitation of an estate by the grantor to his wife during widowhood was good. This rule was modified by the statute, and limited in its operation to those cases where the instrument failed to disclose a manifest intent to restrain marriage. Logan Case, supra. California has a statute substantially like that of Georgia. In the Fitzgerald Case the testator devised his entire residuary estate to his wife, with an attached condition that in event of her remarriage the estate be distributed according to law. The California court held that such a provision was not a condition in restraint of marriage within the meaning of the statute making such provisions void, but providing that it shall not affect limitations which only give the use until marriage.

The devise in the California case was substantially the same in material aspects as the grant in the instant case. It was there held that the devise was a grant during widowhood and consequently created an estate on conditional limitation and not an absolute estate to be defeated on the condition subsequent of remarriage. We may say here that at common law a grant to endure throughout widowhood was recognized as a valid conditional limitation and not calculated to restrain marriage. In most jurisdictions none but those grants purporting to convey an absolute estate, with added condition of forfeiture in event of marriage, were considered void as being in restraint of marriage. See 49 L.R.A. (N. S.) 615, anno.

In the instant case the clear intention of the parties was that the estate granted should continue only throughout widowhood. It was an estate, not to be defeated by remarriage, but one to endure throughout widowhood, and to terminate upon remarriage. We follow the California decision for the reason that the statute there considered is merely declaratory of the common law as interpreted in a majority of jurisdictions. It is true that our statute makes all contracts in restraint of marriage void, except those relating to minors, but it is silent as to the manner in which they shall be interpreted. The latter function must therefore be governed by the common-law rule. We approve the California case as an expression of the common law as declared by our own statute and the rule of construction obtaining at common law as aforesaid which has not been altered by statute in this state.

We hold, therefore, that the remainder limited upon the contingency of remarriage of plaintiff was valid and binding, and served to vest in defendants a remainder on conditional limitation (sec. 11765, supra), culminating in an absolute estate in fee simple upon the happening of such contingency. The judgment of the trial court to the contrary was erroneous.

The judgment is reversed and the cause remanded with directions to enter judgment for defendants accordingly.

BAYLESS, C. J., and HURST, DAVISON, and NEFF, JJ., concur. WELCH, V. C. J., and RILEY and OSBORN, J., dissent. CORN, J., absent.