279 F.2d 919
 Dorothy Sells SHACKLETON, Plaintiff-Appellee,
v.
FOOD MACHINERY AND CHEMICAL CORPORATION, a corporation
organized and existing under and by virtue of the
laws of the State of Delaware,
Defendant-Appellant.
 Nos. 12899, 12900.
 United States Court of Appeals Seventh Circuit.
 June 27, 1960, Rehearing Denied July 27, 1960.
 
 Allen I. Pretzman, Columbus, Ohio, Richard R. Rynders, Madison, Wis., Ralph J. Swanson, Danville, Ill., Grace White, Madison, Wis. (Sebat, Swanson, Banks & Jones, Danville, Ill., Pretzman, Greenlee & Snowden, Columbus, Ohio, of counsel), for plaintiff-appellee.
 Horace E. Gunn, Wm. R. Kesler, Danville, Ill. (Prosper Reiter, Jr., San Jose, Cal., Bookwalter, Carter, Gunn & Hickman, Danville, Ill., of counsel), for defendant-appellant.
 Before DUFFY, CASTLE and MAJOR, Circuit Judges.
 CASTLE, Circuit Judge.
 
 
 1
 Plaintiff-appellee, Dorothy Sells Shack-leton, filed suit in the District Court August 22, 1950, to specifically enforce the provisions of Clause 6 of a written contract executed October 6, 1928, between her brothers and John Bean Manufacturing Company (predecessor in interest to defendant-appellant, Food Machinery and Chemical Corporation). An accounting was prayed to determine the amount due plaintiff.
 
 
 2
 The Bean Company, by the contract, purchased the Sprague-Sells Corporation from plaintiff's brothers. The purchase contract contained the following provision (Clause 6) concerning payment of royalties to the plaintiff's mother and to plaintiff:
 
 
 3
 'In addition to such purchase price the Bean Company agrees to pay Mrs. Lottie Sells, the mother of the individuals, a royalty of $25 for each corn-husking machine sold by it or any of its subsidiaries during her life. Upon her death like royalties on sales of such machines thereafter shall be paid to her daughter Dorothy S. Landsheft, provided she shall not have theretofore remarried; such royalties to be paid to her until her death or remarriage.'
 
 
 4
 Mrs. Sells died August 25, 1945. Up to the time of her death she had received royalties, settlement payments being made quarter-annually. Plaintiff, referred to in Clause 6 as Dorothy S. Landsheft, remarried in 1944. The defendant discontinued royalty payments upon the death of Mrs. Sells. Its answer denied liability to make payments to plaintiff because of her remarriage.
 
 
 5
 The parties filed motions for summary judgment and the cause was heard on the pleadings, a deposition, and affidavits in support of the motions. The District Court denied defendant's motion, granted summary judgment to plaintiff, and after a hearing on the accounting for the period ending November 30, 1958, entered judgment for the plaintiff in the sum of $29,550 together with an additional $4,063.13 representing interest at 5% From January 17, 1957. The judgment order further decreed that defendant pay plaintiff royalties of $25 on each corn husker sold or leased commencing December 1, 1958 and until her dath, payments to be settled at quarter-annual intervals and to bear interest at 5% From the time due.
 
 
 6
 Defendant appealed and by a cross-appeal plaintiff contends that the District Court erred in limiting interest on the royalties to the period from January 17, 1957.
 
 
 7
 The contested issues are (1) whether the contractual provision imposed a restraint upon marriage unenforceable because contrary to the public policy of Illinois, and (2) if so, whether the court erred in restricting interest to the period from January 17, 1957.
 
 
 8
 In our opinion the provisions of Clause 6 impose a total and perpetual restraint on plaintiff's remarriage by means of a condition subsequent. The contract gave plaintiff, as a third party beneficiary, a right to future royalties the enjoyment of which would be defeated by remarriage. We agree with the conclusion of the learned District Judge that the restraint is imposed as a condition subsequent.
 
 
 9
 Jurisdiction in this cause rests on diversity of citizenship and the law of Illinois, the forum, is determinative of substantive rights. There is no disagreement that the contractual provision in question is to be tested by the law of Illinois. Defendant contends that there is no public policy in Illinois which prohibits restraints on 'remarriage'.
 
 
 10
 In Glass v. Johnson, 297 Ill. 149, 152, 130 N.E. 473, 474, the validity of a total restraint upon remarriage imposed as a condition subsequent by a husband in making a devise to his wife was recognized as '* * * an exception to the rule that a testator may not impose a total restraint upon marriage as a condition of a devise * * *'. The court cited Shackelford v. Hall, 19 Ill. 212, in support of its holding. In Shackelford a condition of a devise that the devisees, testator's children, not marry until 21 years of age was challenged as a restraint of marriage void as against 'the policy of the law and the interest of the commonwealth'. The restraint was held valid but not enforceable to create a forfeiture against a daughter who had married four months prior to attaining the age of twenty-one but without notice of the restriction. The court observed (at page 214):
 
 
 11
 '* * * whoever will take the trouble to examine this branch of the law attentively, will find that the testator may impose reasonable and prudent restraints upon the marriage of the objects of his bounty, by means of conditions precedent, or subsequent, or by limitations, while he may not, with one single exception, impose perpetual celibacy upon the objects of his bounty by means of conditions subsequent or limitations. That exception is in the case of a husband in making bequests or legacies to his own wife. He may rightfully impose the condition of forfeiture upon her subsequent marriage. It would be out of place, on the present occasion, to enter into the reasons of this exception, more than to say, that it is out of regard to the family of the testator, rather than to any morbid sensibility or jealousy toward one who might come after him, which might be supposed to have prompted the condition'.
 
 
 12
 While the quoted observation was obiter dicta in Shackelford, its application in Glass v. Johnson, supra, where the precise issue was involved, firmly establishes that Illinois is committed to the rule that total restraint on marriage imposed as a condition subsequent is void as contravening the public policy of Illinois. That Illinois recognizes and applies the exception described in Shackelford as the 'one single exception', i.e., the imposition of the restraint upon one's spouse, is no indication that it would recognize an exception of total restraint on 'remarriages' generally.
 
 
 13
 Whatever the origin or the logic of the exception as to a spouse, sound reasoning would recommend that in cases where sporses are not involved the rule in regard to restraint upon remarriage should not vary from that applicable to the case of marriage. We agree with the apt observation of the District Judge that to permit the debutante to avoid the perpetual restraint on marriage but not the young widow is most inconsistent.
 
 
 14
 There are decisions in some jurisdictions[1] holding that the prohibition of perpetual restraint upon marriage is not applicable to restraint on 'remarriage' But this being a diversity case we must give appropriate heed to the criteria which evidences the law of Illinois. In this connection Mutual Benefit Health & Accident Ass'n v. Cohen, 8 Cir., 194 F.2d 232, 241, is pertinent. It was there said:
 
 
 15
 'In determining what the State law is there are several criteria. Of course, if there be an applicable State statute or decision, such must govern the United States Courts. If there be no such statute or decision, other aids must be sought. The problem then becomes one of an informed prophecy as to what the State Courts would probably decide were the issue before them. Obiter dicta in State Court opinions are not authoritative decisions and not binding on Federal Courts. De Long v. Jefferson Standard Life Ins. Co., 5 Cir., 109 F.2d 585, certiorari denied 310 U.S. 635, 60 S.Ct. 1081, 84 L.Ed. 1405. However, this does not mean that such expressions are necessarily valueless-- 'they may be respected' Osaka Shosen Kaisha Line v. U.S., 300 U.S. 98, 103, 57 S.Ct. 356, 358, (81 L.Ed. 532). They may be suggestive of what the State Courts would probably hold in deciding the issue before the Federal Court.
 
 
 16
 Also, the considered views of a District Judge as to the law of his State will be accepted as to doubtful questions of local law, National Bellas Hess, Inc. v. Kalis, this Court, 8 Cir., 191 F.2d 739; Buder v. Becker, this Court, 8 Cir., 185 F.2d 311, 315; Western Casualty & Surety Co. v. Coleman, this Court, 8 Cir., 186 F.2d 40, 43'.
 
 
 17
 There is no compelling indication that Illinois would engraft exceptions on the general rule prohibiting total restraint on marriage in addition to the one it has declared and applied. We accept the considered views of the District Judge on this question of local law.
 
 
 18
 The findings and conclusions on the question of the allowance of interest are predicated upon delay in the trial and disposition of the case occasioned by plaintiff's interjection, by amendment, of an additional issue and party defendant, subsequently withdrawn and dismissed; her unfruitful appeal of the dismissal; and failure to abide by a pre-trial conference agreement to stipulate facts. The District Court concluded that from the filing of the suit until the elimination of the additional trust issue January 17, 1957, plaintiff delayed final judgment.
 
 
 19
 Defendant contends that inasmuch as plaintiff's action was equitable in form the court had broad discretion in allowing or denying interest. Although equitable relief in the form of an accounting was requested the basic issue involved was one of law-- the validity of the restraint on remarriage. And the action was for moneys due on a contract in writing within the purview of the Illinois Interest Act (Ill.Rev.Stat.1957, Ch. 74, Sec. 2) which provides, inter alia, that 'creditors shall be allowed to receive at the rate of five (5) per cent per annum for all moneys after they become due on any * * * instrument of writing * * *'. The statute applied in the instant case (West Chicago Alcohol Works v. Sheer, 104 Ill. 586) and equity was bound to follow the law. Stone v. Gardner, 20 Ill. 304.
 
 
 20
 The contract made no specific provision governing the time of payment of royalties. In such circumstances a reasonable time governs. The reasonableness of payment of royalties on quarter-annual settlements is evidenced by the course of conduct followed in connection with payments to Mrs. Sells. We are of the opinion that the court should have found the plaintiff entitled to simple interest at 5 per cent per annum on the unpaid royalties due from the date of the quarter-annual settlement at which they were payable.
 
 
 21
 The judgment order of the District Court is affirmed in all respects except as to the matter of the interest on accured, due and unpaid royalties. The judgment in so far as it relates to such interest is reversed and the cause remanded with directions to the District Court to make appropriate findings and conclusions, and enter judgment for such interest in conformity with the views herein expressed.
 
 
 22
 Affirmed in part; reversed in part and remanded with directions.
 
 
 23
 DUFFY, Circuit Judge (dissenting).
 
 
 24
 There is no controlling authority by an Illinois court or by Illinois Statute upon the question before us for decision. Yet, the majority of this panel or division of our Court adopts a rule of law for Illinois which is based upon a dictum in Shackelford v. Hall, 1857, 19 Ill. 212. In so doing, the Court has extended the public policy of Illinois to embrace a view which is contrary to the great weight of authority.
 
 
 25
 The rule is stated in 17 C.J.S. Contracts 233: 'In the absence of contrary statutory provision, the rule against contracts in restraint of marriage does not apply to contracts in restraint of a second marriage; contracts which are intended to maintain the marriage relation are not against public policy.'
 
 
 26
 The following statement from Pomeroy on Equity Jurisprudence, 4th Ed., Vol. 2, 933, was quoted with approval by Nunn v. Justice, 1939, 278 Ky. 811, 129 S.W.2d 564, 'It seems to be well settled by an overwhelming weight of authority that limitations and conditions, precedent or subsequent tending to restrain the second marriage of a woman are valid, and by the most recent decisions the same rule has been applied to the second marriage of men.'
 
 
 27
 To the same effect are the following cases: Holtz's Estate, 1861, 38 Pa. 422; Phillips v. Ferguson, 1888, 85 Va. 509, 8 S.E. 241, 2 L.R.A. 667; Herd v. Catron, 1896, 97 Tenn. 662, 37 S.W. 551, 37 L.R.A. 731; Appleby v. Appleby, 1907, 100 Minn. 408 111 N.W. 305, 10 L.R.A.,N.S., 590; Stauffer v. Kessler, 1921, 81 Ind.App. 436, 130 N.W. 651; Lewis v. Johnson, 1923, 212 Mo.App. 19, 251 S.W. 136; Anderson v. Crawford, 1926, 202 Iowa 207, 207 N.W. 571, 45 A.L.R. 1216; Berry v. Cooley, 1940, 188 Okl. 426, 109, P.2d 1081; In re Lambert's Estate, 1944, 183 Misc. 115, 46 N.Y.S.2d 905; Saslow v. Saslow, 1957, 104 Ohio App. 157, 147 N.E.2d 262.
 
 
 28
 The question of validity of conditions retraining remarriage was not presented in the Shackelford case, hence the statement relied on by the majority was pure dictum. However, the majority opinion relies upon the citation of Shackelford in Glass v. Johnson, 1921, 297 Ill. 149, 130 N.E. 473, and seems to be of the view this citation increases the weight of the Shackelford dictum. However, in Glass v. Johnson, the court merely held that a condition in a will restraining the remarriage of the testator's wife was not in contravention of the public policy of Illinois. The court did not intimate that a condition restraining the remarriage of a person who was not the spouse of the testator would violate public policy.
 
 
 29
 In my judgment, the weight of reason as well as the weight of authority sustains the view that conditions of a contract which restrain remarriage do not violate public policy. In a normal course of events, relationships which arise through marriage are terminated by remarriage. There would seem to be no valid reason for distinguishing between a spouse and other persons.
 
 
 30
 I would not impose upon Illinois an archaic and discredited rule and extend the public policy of that state, contrary to the weight of aughority and reason merely on the basis of a dictum in a case one hundred three years old.
 
 
 
 [1]
 Stauffer v. Kessler, 81 Ind.App. 436, 130 N.E. 651; Young v. Kraeling, Sup., 134 N.Y.S.2d 109; Phillips v. Ferguson, 1888, 85 Va. 509, 8 S.E. 241, 1 L.R.A. 837; Logan v. Hammond, 155 Ga. 514, 117 S.E. 428; Berry v. Cooley, 188 Okl. 426, 109 P.2d 1081; Lewis v. Johnson, 212 Mo.App. 19, 251 S.E. 136; Commonwealth v. Stauffer, 1849, 10 Pa. 350